ZURICH INSURANCE COMPANY, Plaintiff-Appellant, v. BAXTER INTERNATIONAL, INC., *et al.*, Defendants-Appellees.

Second District    Nos. 2—94—1304, 2—94—1307 cons.

Opinion filed September 19, 1995.—Rehearing denied October 19, 1995.

Bryan R. Winter, of Fuqua, Winter, Stiles & Anderson, Ltd., of Wauke-gan, and Thomas W. Brunner, Laura A. Foggan, Russel D. Duncan, and James M. Ludwig III, all of Wiley, Rein & Fielding, of Washington, D.C., for appellant.

Thomas A. Morris, Jr., Leslie Peterson, and Rebecca S. Kallas, all of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, and Joel B.

Kleinman, Leslie R. Cohen, Mark A. Packman, and Teresa L. Harvey-Paredes, all of Dickstein, Shapiro & Morin, L.L.P., of Washington, D.C., for appellees.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Zurich Insurance Company (Zurich), filed this declaratory judgment action in the circuit court of Lake County, Illinois, seeking a determination of its rights and obligations under various insurance contracts it entered with defendants, Baxter International, Incorporated, and Baxter Healthcare Corporation (collectively Baxter). Zurich seeks a declaration it has no duty to either defend or indemnify Baxter against the claims of hemophiliacs who consumed Baxter-manufactured blood products contaminated with the human immunodeficiency virus (the underlying claimants). The trial court ruled (1) the underlying claimants were necessary parties; (2) neither the doctrine of representation nor the institution of a class action would remedy the problem of the absent necessary parties; and, therefore, (3) the underlying claimants had to be joined in this action for declaratory judgment. In case No. 2—94—1307, Zurich filed for interlocutory appeal by permission. (See 155 Ill. 2d R. 308.) Zurich contended the trial court erred in its rulings concerning the necessary parties, representation, and class action issues. We denied Zurich's Rule 308 appeal. Zurich appealed the denial to the supreme court. On July 7, 1995, the supreme court directed us to consider the merits of case No. 2—94—1307 and "to proceed as if the interlocutory appeal had been allowed pursuant to Rule 308." Prior to the issuance of the supreme court's mandate in case No. 2—94—1307, Zurich, in case No. 2—94—1304, filed for interlocutory appeal as of right (see 155 Ill. 2d R. 307(a)(1); see also *Zurich Insurance Co. v. Raymark Industries, Inc.* (1991), 213 Ill. App. 3d 591, 594) from the trial court's order staying this action (see 735 ILCS 5/2—619(a)(3) (West 1992)) pending the outcome of a declaratory action filed against Zurich by Baxter in California. On our own motion, we have consolidated the appeals in Nos. 2—94—1304 and 2—94—1307.

Zurich and Baxter present several issues on appeal. Zurich contends (1) the trial court erred in requiring the underlying claimants to be joined; (2) even assuming the underlying claimants were necessary parties whose interests required representation, the case could have proceeded by joining some of the underlying claimants who would then adequately represent the interests of all underlying claimants; (3) the trial court erred in finding it could not maintain a

class action where the trial court lacked *in personam* jurisdiction over all the underlying claimants; (4) the trial court's ruling prevents Illinois courts from deciding insurance coverage matters arising from mass tort litigation; and (5) the trial court erred in granting the stay on the basis the California action was more comprehensive than the Illinois action. Baxter counters (1) the only issue properly before this court pursuant to Zurich's Rule 307 appeal is whether the trial court correctly stayed this proceeding in deference to the California action; and (2) Zurich waived the necessary parties, representation, and class action issues by failing to reallege them in subsequent amended complaints. We note the supreme court's directions in case No. 2—94—1307 render moot Baxter's first contention. We, therefore, decline to address the scope of the Rule 307 appeal. We reverse and remand.

Baxter manufactured blood factor concentrates to treat hemophilia. Processing took place in California. The blood factor concentrates in question were derived from the plasma of thousands of donors. Some of these donors were infected with the human immunodeficiency virus. Because of this, many hemophiliacs were infected. At the commencement of the present case, over 150 lawsuits had been filed against Baxter in various States by hemophiliacs who had used Baxter's tainted blood concentrates. Among these lawsuits is a class action filed in the Federal District Court for the Northern District of Illinois on behalf of an estimated 7,500 underlying claimants.

On January 31, 1994, Zurich filed this declaratory action in Lake County to determine its duty to Baxter in relationship to the tort actions brought by the underlying claimants. Initially all 118 of Baxter's known excess insurers were joined to this action; none of the underlying claimants were joined. Baxter's corporate headquarters, including its risk management department, are located in Lake County. Although Zurich alleged to be an Illinois corporation in its initial complaint, it subsequently alleged to be a Swiss corporation. Zurich, however, also later alleged its United States administrative offices are located in Schaumburg, Illinois. The insurance contracts at issue were delivered, issued, and serviced in Illinois by Illinois brokers and underwriters.

Nine days after Zurich filed the present action, Baxter filed a similar action entitled "Complaint for Declaratory Relief" in California. The California action joined 105 excess insurers; none of the underlying claimants were joined. Although the record is unclear, it appears the California court has issued a stay in its proceedings pending a decision by the Illinois trial court. The California court has

also indicated it does not wish to hear Baxter's "Complaint for Declaratory Relief."

In the meantime, the Illinois trial court questioned its ability to adjudicate the issue of Zurich's duty to Baxter. The trial court *sua sponte* raised the question of whether the underlying claimants were necessary parties to Zurich's action. The trial court also asked, assuming the underlying claimants were necessary parties, whether it could decide the coverage issue given that many of the underlying claimants were not subject to the court's *in personam* jurisdiction. The trial court concluded the underlying claimants were necessary parties and, therefore, the court was without jurisdiction until the underlying claimants were joined.

In response, Zurich offered the trial court alternate theories under which it could proceed. Zurich argued if the court joined the underlying claimants subject to the court's jurisdiction, it would be able to proceed under the doctrine of representation. In the alternative, Zurich offered the possibility of continuing as a class action. To implement this approach Zurich filed a second amended complaint. The trial court rejected both Zurich's application of the doctrine of representation and its request to certify a defendant class action suit.

Zurich then attempted to proceed by joining the underlying claimants over whom the trial court would have jurisdiction. Zurich filed a third amended complaint joining 17 underlying claimants. Baxter then filed a motion pursuant to section 2—619(a)(3) of the Civil Practice Law (735 ILCS 5/2—619(a)(3) (West 1992)) to stay the Illinois action on the grounds it was less comprehensive than the pending California action. The trial court granted Baxter's motion to stay the proceedings, finding the Illinois action could not completely resolve Zurich's duty to Baxter in relation to the underlying claimants who were not joined. The court noted and relied on its finding that California, unlike Illinois, does not have "a necessary or indispensable party rule" requiring the joinder of all the underlying claimants. The trial court concluded the California litigation could resolve the entire coverage question between Zurich and Baxter and was, therefore, more comprehensive than the Illinois action.

We have taken several motions with the case. These include (1) Baxter's motion to strike those portions of Zurich's brief discussing issues other than the appropriateness of the stay; (2) Zurich's motion for leave to file a response to Baxter's motion to strike; and (3) Baxter's motion to notify this court of a factual error in Zurich's reply brief. We turn first to Baxter's motion to notify.

■ In its motion to notify, Baxter argues Zurich miscounted the number of pages Baxter incorporated by reference into its brief. Zur-

ich contends Baxter incorporated 66 pages of argument (concerning the necessary parties, representation, and class action issues). Under Zurich's counting, Baxter, by incorporation, would have violated the page limitations imposed by Rule 341(a). (See 155 Ill. 2d R. 341(a).) We find, however, Zurich has "double-counted" the parallel citations to the common-law record and Baxter's supplemental appendix each of which contains the arguments referenced by Baxter. Baxter's motion to notify, therefore, is granted. Additionally, in light of the supreme court's order to reach the merits of Zurich's Rule 308 appeal, we have considered the incorporated necessary parties, representation, and class action arguments as requested by Baxter in its brief. We have also considered Baxter's oral argument on these issues.

While discussing Rule 341(a), we feel it necessary to address the parties' use of footnotes. It has been said anyone who reads a footnote would answer a knock at the hotel room door on his or her wedding night. Zurich's brief contains 30 footnotes. Baxter's brief contains 25 footnotes. Zurich's reply brief contains 20 footnotes. This is too much "knocking." Many of these footnotes contain substantive arguments better suited to the body of the briefs. Rule 341(a) states "[f]ootnotes, if any, shall be used sparingly." (155 Ill. 2d R. 341(a). Additionally, the use of footnotes is "discouraged." (155 Ill. 2d R. 344(b).) The parties should be aware their use of footnotes cannot be characterized as "sparingly." We discourage such use in the future.

■ Both Baxter's motion to strike and Zurich's motion for leave to respond are denied. The necessary parties, representation, and class action issues are properly before us pursuant to the supreme court's order of July 7, 1995. There is, therefore, no reason to strike those portions of Zurich's brief discussing those issues.

Following oral arguments Baxter filed a "Motion for Leave to Notify the Court of the Record Locations of Information Relevant to One Issue Raised at Oral Argument." Baxter wishes to "call to the [c]ourt's attention" certain pages of its brief which identify portions of the report of proceedings containing statements made by Zurich before the trial court which Baxter claims are inconsistent with Zurich's rebuttal. We disapprove of Baxter's attempt to rebut the appellant's rebuttal. In the course of the present case Baxter's brief and the report of proceedings have already come to our attention. Baxter's motion is denied.

■ Baxter contends under *Foxcroft Townhome Owners Associa-*

*tion v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, Zurich waived the necessary parties, representation, and class action issues by failing to reallege them in amended complaints. *Foxcroft* provides an amended pleading that is complete in itself and does not refer to or adopt prior pleadings results in the abandonment and withdrawal of prior pleadings. (*Foxcroft*, 96 Ill. 2d at 154.) *Foxcroft* involved a plaintiff who failed to reallege theories of recovery contained in counts dismissed by the trial court. The supreme court held the plaintiff waived any objection to the dismissal because he had not incorporated the allegations of the dismissed counts in the final amended complaint. *Foxcroft*, 96 Ill. 2d at 155.

*Foxcroft* is distinguishable from the present case. In *Foxcroft*, the plaintiff did not reallege substantive factual matters supportive of particular theories of recovery. The *Foxcroft* plaintiff could have realleged these factual materials; it chose not to. Conversely, the issues Baxter contends Zurich has waived involve procedural matters concerning the scope of the litigation. It is difficult to imagine what Zurich could have done differently, short of standing on its initial complaint and taking an immediate appeal, to avoid waiver under Baxter's interpretation of *Foxcroft*. The primary policy underlying *Foxcroft* is ensuring the trial court is aware of the substantive points in issue. (See *Foxcroft*, 96 Ill. 2d at 154 (stating that without the *Foxcroft* rule trial courts would be forced to "speculate as to which legal theories or claims a party intends to advance during trial").) The necessary parties, representation, and class action issues are procedural matters defining the scope, not the substance, of the litigation. We, therefore, hold that these issues are not subject to waiver under *Foxcroft*.

■ We turn to the question of whether the underlying claimants were necessary parties. The necessary parties rule finds its origin in the common law and is affected by several provisions of the Civil Practice Law. (*Safeco Insurance Co. v. Treinis* (1992), 238 Ill. App. 3d 541, 544.) If a necessary plaintiff declines to join a lawsuit, that party may be made a defendant. (735 ILCS 5/2—404 (West 1992).) Additionally, parties deemed to be necessary to a complete determination of any question raised in a controversy may be joined. (735 ILCS 5/2—405(a) (West 1992).) Finally, trial courts may, *sua sponte*, order parties be joined "[i]f a complete determination of a controversy cannot be had without the presence of [such] parties." 735 ILCS 5/2—406(a) (West 1992).

■ Although the rule requiring the joinder of all necessary parties is "inflexible" (*Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 423), it is not absolute (see *United States Fidelity & Guaranty*

*Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64 (in a mass tort context, the court determined the insured's duty to defend in a declaratory judgment action even though only a small number of the underlying claimants were joined); *Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 32 (notwithstanding the absence from the declaratory judgment action of the underlying claimants who brought 30,000 underlying lawsuits against the insured, the court determined the duty to defend question); *Williams v. Madison County Mutual Automobile Insurance Co.* (1968), 40 Ill. 2d 404, 408 (declaratory judgment held to be binding on absent necessary parties who were dismissed from the action on their own motion); *Village of Lansing v. Sundstrom* (1942), 379 Ill. 121, 125 (special assessment bond or voucher holders, anticipating repayment from funds collected via foreclosure, are not necessary parties to the action to foreclose on a lien of special assessment, because the interests of such holders were actually and efficiently represented); *Schlosser v. Schlosser* (1991), 218 Ill. App. 3d 943, 947 (affirming the continued validity of *Village of Lansing*'s rule that trust beneficiaries are not necessary parties if either (1) their interests receive "actual and efficient representation"; or (2) they are so numerous that naming them all would be "oppressive and burdensome"); see also *Safanda v. Zoning Board of Appeals* (1990), 203 Ill. App. 3d 687, 692 (stating necessary parties "must be joined unless joinder would destroy the jurisdiction of the court or the party is not amenable to the court's jurisdiction")). A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the controversy which would be materially affected by a judgment entered in its absence; (2) reach a decision protecting the interests of the parties already before the court; or (3) allow the court to completely resolve the controversy. (*Emalfarb v. Krater* (1994), 266 Ill. App. 3d 243, 247.) In the vast majority of cases (see *Oglesby*, 385 Ill. at 423-24) an order will be void if entered by a court lacking jurisdiction over a necessary party (*Emalfarb*, 266 Ill. App. 3d at 247). The Illinois Supreme Court has stated the necessary parties rule

> "is inflexible, yielding only when the allegations of the bill disclose a case so *extraordinary and exceptional in character as that it is practically impossible to make all parties in interest parties to the suit*, and further, that *others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy* as would the absent persons." (Emphasis added.) (*Oglesby*, 385 Ill. at 423-24.)

Under *Oglesby*, therefore, the necessary parties rule yields only when the two emphasized requirements are fulfilled. We will examine each requirement in turn.

The fundamental nature of this sort of litigation makes it practically impossible to join all of the underlying claimants. Zurich, Baxter, the excess insurers, and the 17 joined claimants are enmeshed in litigation of potentially enormous import. Baxter contends all the underlying tort claimants are necessary parties. In deciding this issue, we need not shield ourselves from the potential practical ramifications of this contention. Commerce, as practiced by parties such as Zurich and Baxter, is fundamentally national (if not international) in character. As a result, when an actor in national commerce which has insured itself is accused of tortious conduct there will, *a fortiori*, be underlying claimants beyond the *in personam* jurisdiction of the Illinois courts. To accept Baxter's contention, therefore, is to banish from the Illinois courts all declaratory judgment litigation involving parties engaged in commerce on a national scale. Such a result would be unprecedented. Indeed, neither has Baxter offered, nor has our own research located, any Illinois case in which a mass tort declaratory judgment action was dismissed for failure to join all of the underlying claimants.

On the contrary, the Illinois Supreme Court has twice decided mass tort declaratory judgment actions in which all the underlying claimants were not joined. In both *United States Fidelity & Guaranty*, 144 Ill. 2d 64, and *Raymark Industries*, 118 Ill. 2d 23, the court reached the question of an insurer's duty to defend its insured in underlying mass-tort litigation. It is true neither *United States Fidelity & Guaranty* nor *Raymark Industries* explicitly discussed whether the underlying claimants were necessary parties. All courts, however, have an affirmative obligation to determine whether they have jurisdiction over the matters before them. (See, *e.g.*, *People v. Lerch* (1966), 34 Ill. 2d 305, 306.) Having reached the merits in both *United States Fidelity & Guaranty* and *Raymark Industries*, therefore, the Illinois Supreme Court must be presumed to have considered the question of its jurisdiction. Had the *United States Fidelity & Guaranty* and *Raymark Industries* underlying claimants been necessary parties, whose absence deprived the court of jurisdiction, the court would never have reached the merits in either case.

Holding that all the underlying claimants are necessary parties would have severe consequences. Illinois courts would be closed to Illinois residents involved in mass tort litigation because such proceedings almost always involve underlying claimants beyond the courts' *in personam* jurisdiction. Additionally, Illinois courts could not decide mass tort cases with substantial relationships to Illinois because of the existence of out-of-State underlying claimants. The development of Illinois law in this area would stagnate. Many of the most

important questions—at least in terms of the number of individuals affected—of Illinois insurance defense law would be decided by the courts of other States. Other States issuing declaratory judgments on such questions would attempt to rule on the merits as would Illinois courts. This would be done even though Illinois courts—by virtue of Baxter's interpretation of the necessary parties rule—would never rule on the merits. This result is as absurd as it is unacceptable. The necessary parties rule does not require Illinois courts to sacrifice at the altar of the doctrine of joinder their responsibility to oversee the orderly development of this important area of law. Indeed, it has been stated " 'the desirability of requiring full joinder to maximize the value of the judicial resources expended by resolving the entire controversy in one action should not operate to foreclose the plaintiff's right to a forum, at least where a better one is not clearly available.' " (*Safeco Insurance Co.*, 238 Ill. App. 3d at 547, quoting 4 R. Michael, Illinois Practice § 29.2, at 34-35 (1989) (cited in support of not requiring joinder of parties who were necessary to a complete resolution of a declaratory judgment action).) In light of the foregoing, we find the present case to be of the "extraordinary and exceptional *** character" envisioned by the supreme court in *Oglesby*. (*Oglesby*, 385 Ill. at 423.) The first requirement of the *Oglesby* exception is fulfilled.

But the extraordinary and exceptional character of the present case alone is insufficient to bring it within *Oglesby*'s narrow exception to the necessary parties rule. Additionally, parties must be joined who share the interests of, and are equally likely to bring forth the entire merits as would, the absent underlying claimants. (See *Feen v. Ray* (1985), 109 Ill. 2d 339, 348-49; *Oglesby*, 385 Ill. at 423-24.) In such a situation, the absent members of the represented class will be bound by the court's judgment. (*Feen*, 109 Ill. 2d at 348.) We note that the present case is readily distinguishable from those in which no underlying claimants are joined and the insured asserts it sufficiently represents the interests of the absent claimants. See, *e.g.*, *Society of Mount Carmel v. National Ben Franklin Insurance Co.* (1994), 268 Ill. App. 3d 655, 661-62.

Logic dictates that each of the joined claimants shares with the underlying claimants the interest of maximizing the possibility and amount of a recovery for their alleged injuries. It is true an underlying claimant might raise an argument ignored or overlooked by one of the 17 joined claimants. This possibility is inherent whenever a part of a class represents the whole. The possibility, however, that an underlying claimant may raise a unique theory or employ a different strategy does not indicate a diversity of interests. If it did the *Oglesby*

exception, indeed, all class action lawsuits, would be unconstitutional. *Cf. Emalfarb*, 266 Ill. App. 3d at 247 (fundamental due process deprives a court of jurisdiction to enter an order or judgment affecting the interests of those not before the court).

Finally, the necessary parties rule creates a safeguard for the underlying claimants. At any time in the future an underlying claimant could attempt to void the judgment eventually entered in the present case. (See *In re Marriage of Schlam* (1995), 271 Ill. App. 3d 788, 793.) If the court hearing such an action determines that the interests of the particular underlying claimant diverged from those of the joined claimants, or that the joined claimants were not equally certain to protect the underlying claimant's interests, that claimant would not be bound by the judgment entered in the present case. This is because without a unity of interests the joined claimants may not represent the underlying claimants (see *Feen*, 109 Ill. 2d at 348); without the representation of the joined claimants the trial court does not have jurisdiction (see *Feen*, 109 Ill. 2d at 348); and without jurisdiction the judgment entered by the trial court is void (see *In re M.M.* (1993), 156 Ill. 2d 53, 64).

In ruling all of the underlying claimants were necessary parties, the trial court relied on *Allied American Insurance Co. v. Ayala* (1993), 247 Ill. App. 3d 538, and *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99. *Ayala* involved an automobile accident. An insurance company brought a declaratory judgment action to determine its liability in the personal injury suit arising from the accident. One of the injured claimants, a minor, was not joined in the declaratory judgment action. The minor claimant, however, was represented by her mother. Despite this, we held that the injured claimant was a necessary party and the declaratory judgment was void because the trial court never acquired jurisdiction over her. *Ayala*, 247 Ill. App. 3d at 545.

*Reagor* was also a relatively simple personal injury case. In *Reagor* the plaintiff dived into a lake created by the defendant's insured, struck a sand bar, and sustained injuries rendering him a quadriplegic. The plaintiff filed a declaratory judgment action to determine coverage under the liability policy issued by the defendant. The defendant's motion to dismiss was granted, and the plaintiff appealed. The defendant argued the plaintiff could not bring his declaratory judgment action because there was no legal relationship between the plaintiff and the insurance company. The appellate court held the plaintiff became a beneficiary under the liability policy at the time of his accident. (*Reagor*, 92 Ill. App. 3d at 103.) A legal relationship, therefore, existed between the plaintiff and the defendant sufficient

to give the plaintiff a right to file his declaratory judgment action. *Reagor*, 92 Ill. App. 3d at 103.

*Ayala* and *Reagor* are distinguishable from the present case for several reasons. *Ayala* and *Reagor* involved a small number of underlying claimants. In *Ayala* there were seven underlying claimants. *Reagor* presented a single underlying claimant. The present case concerns at least 7,500 underlying claimants. Closely related to this first reason, in *Ayala* and *Reagor* there was a definite and finite number of underlying claimants. In the present case, neither the actual number of current underlying claimants nor the number of possible future underlying claimants is known. Additionally, in *Ayala* the absent underlying claimant could easily have been joined. In the present case, the identities of all the potential underlying claimants are unknown; even if their identities were known, it would still be impossible to join the absent underlying claimants. Finally, the present case, unlike *Ayala* and *Reagor*, implicates and threatens the Illinois courts' ability to resolve an admittedly limited—but often vastly important—question of law: whether an insurer is obligated to defend its insured when the alleged tortious conduct is national or international in character. Based on the foregoing reasons, we find that *Ayala* and *Reagor* do not dictate the result in the present case.

■ Based on our analysis of *Ayala* and *Reagor*, those cases in which joinder of necessary parties has not been required, the extraordinary and exceptional character of the present case, and the unity of interests between the joined and the underlying claimants, we hold that the trial court erred in requiring the joinder of all the underlying claimants. This determination obviates the need to address Zurich's arguments concerning the trial court's finding it could not maintain a class action over all the underlying claimants. We emphasize our holding is strictly limited to the facts of the present case. This opinion's treatment of the necessary parties rule should not be applied beyond the context of mass tort declaratory judgments.

Our decision attempts to chart a principled course between equally unpalatable extremes. We are aware that Pennsylvania courts have held that mass-tort declaratory judgments may not proceed without joining all the underlying claimants. (See, *e.g.*, *Vale Chemical Co. v. Hartford Accident & Indemnity Co.* (1986), 512 Pa. 290, 295-96, 516 A.2d 684, 687.) As we have previously stated, this avenue is closed to us by our duty to oversee the orderly evolution of Illinois insurance coverage law. Equally unpleasant is the possibility of relitigation of the coverage question by the underlying claimants. This would undermine the initial reason for seeking a declaratory

judgment. (See, *e.g.*, *Buege v. Lee* (1978), 56 Ill. App. 3d 793, 798 (purpose of a declaratory judgment is to determine rights and liabilities before parties take actions of consequence).) By strictly construing and applying the *Oglesby* exception, we keep open the Illinois courts to mass tort declaratory judgments, without unduly infringing the rights of the underlying claimants.

■ We briefly revisit the question of *Foxcroft* waiver in light of our necessary parties holding. Zurich filed amended complaints in response to the trial court's necessary parties ruling. We conclude it would be unjust to find waiver based on actions taken by a litigant attempting to preserve its complaint in the face of an erroneous ruling. (See *Bituminous Casualty Corp. v. Fulkerson* (1991), 212 Ill. App. 3d 556, 563.) This, independent of our previous *Foxcroft* analysis, would lead us to disregard any possible waiver based on Zurich's pleading over.

■ Finally, we determine that the trial court erred in granting Baxter's motion for a stay. Baxter is an Illinois corporation. Zurich is a Swiss corporation with its United States administrative headquarters in Illinois. Baxter's risk management department is located in Illinois. Because of this, the insurance contracts at issue were negotiated and entered into in Illinois. The insurance contracts do not contain choice of law provisions. In light of the foregoing, Zurich's duty to Baxter will be determined by applying Illinois law. (See *Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.* (1995), 166 Ill. 2d 520, 526-27.) The coverage determination in the present case may affect thousands of individuals across the nation, two major multinational corporations, and their employees (many of whom undoubtedly reside in Illinois). We find the relationship between this litigation and Illinois is legitimate and substantial. The present case was stayed on the basis of the "comprehensiveness" of a California judgment. This comprehensiveness was in turn premised on the assumption that without the underlying claimants the case could not proceed. This premise was incorrect. The stay, therefore, cannot stand. On remand the trial court will vacate the stay and proceed to trial.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for trial.

Reversed and remanded.

GEIGER and COLWELL, JJ., concur.