(No. 80025

ZURICH INSURANCE COMPANY, Appellee, v. BAXTER INTERNATIONAL, INC., *et al.* (Baxter International, Inc., *et al.*, Appellants).

*Opinion filed June 20, 1996.—Rehearing denied September 30, 1996.*

BILANDIC, C.J., took no part.
FREEMAN, J., joined by McMorrow, J., specially concurring.

Thomas A. Morris, Jr., Leslie Peterson and Rebecca S. Larson, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, and Joel B. Kleinman, Leslie R. Cohen, Mark A. Packman and Teresa L. Harvey, of Dickstein, Shapiro & Morin, L.L.P., of Washington, D.C., for appellants.

Bryan R. Winter, of Fuqua, Winter, Stiles & Anderson, of Waukegan, Edward Dwyer, of Hodge & Dwyer, of Springfield, Jay Erens, James D. Ossyra and David B. Goroff, of Hopkins & Sutter, of Chicago, and Thomas W. Brunner, Laura A. Foggan, Russell D. Duncan and James M. Ludwig III, of Wiley, Rein & Fielding, of Washington, D.C., for appellee.

JUSTICE HARRISON delivered the opinion of the court:

This appeal concerns a declaratory judgment action brought in the circuit court of Lake County by Zurich Insurance Company to determine its obligations under various insurance policies issued to Baxter International, Inc., and Baxter Healthcare Corporation (referred to collectively as Baxter). The question before us is whether the circuit court abused its discretion when it issued an order pursuant to section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(3) (West 1992)) staying Zurich's lawsuit pending the outcome of a second declaratory judgment action involving the same

issues subsequently filed by Baxter against Zurich in the state of California. For the reasons that follow, we agree with the appellate court that the stay should not have been granted. 275 Ill. App. 3d 30. Subject to certain modifications pertaining to the joinder of parties, the appellate court's judgment is affirmed.

The relevant facts are undisputed. Zurich is a Swiss corporation whose main administrative offices in the United States are located in Illinois. Baxter International, Inc., and Baxter Healthcare Corporation are Delaware corporations whose corporate headquarters, including their risk management department, are also located in Illinois. According to the record, Zurich issued a series of comprehensive general liability insurance policies to Baxter covering periods between 1978 and 1986. All of these policies were delivered, issued, and serviced in Illinois by Illinois brokers and underwriters.

One of Baxter's businesses involves extracting blood factor concentrates from plasma for use in treating hemophilia. Baxter has been sued by hemophiliacs from Illinois and elsewhere who allege that these concentrates were contaminated with the human immunodeficiency virus (HIV), that the concentrates infected them with the virus, and that they suffer or expect to suffer from Acquired Immune Deficiency Syndrome (AIDS). Although the parties have not cited any evidence indicating the precise number of such lawsuits, the jurisdictions in which the suits have been filed or how many individual claimants there are, counsel represent that Baxter is involved in at least 100 cases involving more than 10,000 HIV-infected hemophiliacs. Among these are cases that are pending or have been tried in Illinois, including a class action on behalf of approximately 7,500 claimants filed in the United States District Court for the Northern District of Illinois.

In the wake of this litigation, Zurich filed the present action to obtain a declaratory judgment that it had no duty under the comprehensive general liability insurance policies it had issued to Baxter to defend the company against or indemnify it for claims pertaining to the HIV-contaminated blood factor concentrates. Baxter responded by filing its own action in California, where the blood factor concentrates were processed, asking for a declaratory judgment that Zurich did have a duty under the policies to defend and indemnify it. The California action also sought a declaratory judgment with respect to the rights and obligations of Baxter's numerous excess insurers, but all but one of those excess insurers have now been dismissed from the case.

At the outset of these proceedings Baxter claimed that it initiated the separate action in California as a "counter punch" to Zurich's lawsuit. Before this court, its position is different. The company denies that its motive is to harass Zurich or secure some tactical advantage over it. According to Baxter, its true purpose is simply to sidestep the HIV-infected hemophiliacs who have sued it.

Here, as in the appellate court, Baxter contends that under Illinois law, tort claimants are necessary parties in declaratory judgment actions regarding insurance coverage for their claims, and they must be joined in order for the declaratory judgment proceedings to go forward. Under California law, by contrast, they are not necessary parties and joinder is not required. Accordingly, Baxter contends that suing in California will enable it to resolve its insurance coverage dispute with Zurich free from participation by the legion of tort claimants who are pursuing it.

While Baxter now professes concern with simplifying its dispute against Zurich, we note that Zurich's original Illinois complaint was actually less complex

than the complaint filed by Baxter itself in California. Unlike the California action, the Illinois litigation did not name any of Baxter's excess insurers. The only parties to the proceeding were Zurich and Baxter, and Baxter did not assert that the case could not proceed in that posture.

When Baxter subsequently moved to stay or dismiss the Illinois action, it did not do so on the grounds that Zurich's original complaint was defective and should be dismissed for failure to join necessary parties. Instead, it invoked section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(3) (West 1992)), which provides that a defendant may move for dismissal or other appropriate relief on the grounds that "there is another action pending between the same parties for the same cause." Baxter also argued that the case was premature.

The idea that there might be a problem with failure to join necessary parties did not arise until it was raised by the circuit court, *sua sponte*. Although the court denied Baxter's motion to dismiss, the court was concerned that Illinois law might require joinder of the underlying tort claimants in cases such as this, as Baxter now asserts. The court gave the parties the opportunity to brief the issue and present arguments at a series of hearings, after which it concluded that the underlying tort claimants were necessary parties and must be joined before the case could proceed. The court further concluded that the joinder problem could not be avoided by using class action procedures or by relying on the doctrine of representation.

Rather than dismiss Zurich's complaint outright, the circuit court continued the case, giving the company leave to file an amended complaint addressing the joinder problem. Zurich responded by filing a new complaint that named as parties Baxter's excess insurers

and the particular underlying claimants over whom the Illinois courts could assert *in personam* jurisdiction. In this version of its complaint, Zurich dropped its request for a comprehensive declaration of its rights and obligations under the Baxter insurance policies. Instead, it limited its prayer for relief to the circumstances presented by the particular claimants it had actually joined as parties.

Baxter did not deny that this approach resolved the circuit court's joinder concerns. Its attack on Zurich's action took a new turn. Baxter now filed a new motion to dismiss under section 2—619(a)(3) of the Code, arguing that the Illinois action should be stayed pending resolution of the case in California because, in its amended form, the Illinois action was now less "comprehensive" than its California counterpart. The circuit court agreed with Baxter's argument, and on October 25, 1994, it entered an order granting the stay requested by Baxter.

Several days later, on a motion filed by Zurich, the circuit court also made a written finding under Supreme Court Rule 308 (155 Ill. 2d R. 308) that its previous orders with respect to the issue of joinder involved questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. The particular questions of law identified by the circuit court were (1) whether the underlying claimants and excess insurers did in fact have to be joined as necessary parties for the case to proceed, and (2) whether the court correctly refused to allow Zurich to use a class action mechanism or to rely on the doctrine of representation in lieu of joining the individual claimants from the underlying tort actions against Baxter.

Once the circuit court entered its findings, Zurich sought leave to appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308) from the circuit court's orders

concerning the issue of joinder. Although the appellate court denied Zurich's application, we entered an order in the exercise of our supervisory authority requiring the appellate court to hear Zurich's Rule 308 appeal on the merits. We subsequently clarified that order to make clear that our instructions were not meant to bar Baxter from arguing that Zurich had waived its right to contest the joinder issues.

At the same time it was pursuing this Rule 308 appeal, Zurich also filed an interlocutory appeal as of right from the circuit court's order staying the Illinois declaratory judgment action pending resolution of the action in California. 155 Ill. 2d R. 307(a)(1). The appellate court subsequently consolidated this appeal with Zurich's appeal under Rule 308, reversed the circuit court's stay, and remanded the cause for trial, holding, *inter alia*, that Zurich had not waived its right to contest the joinder issues and that joinder of all of the underlying claimants is not necessary in mass-tort litigation such as this. 275 Ill. App. 3d 30. On Baxter's application, the appellate court granted a certificate of importance, and the matter is now before us for review under Rule 316 (155 Ill. 2d R. 316).

Here, as in the appellate court, Baxter continues to assert that Zurich has waived its right to contest the circuit court's rulings on the issue of joinder. We agree. As previously mentioned, the circuit court held that the underlying tort claimants were necessary parties, that they all had to be joined in order for the case to proceed, and that this joinder requirement could not be satisfied by means of a class action or through the doctrine of representation. Faced with such a ruling, Zurich could have elected to stand on its pleadings, taken an involuntary dismissal of its action with prejudice pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), and then appealed that judg-

ment. It elected not to do so. Instead, it responded to the circuit court's rulings by filing an amended pleading.

Zurich's new pleading was complete in itself, did not refer to or adopt allegations in the prior pleadings, and sought relief in the specific context of particular claimants over whom the Illinois courts could assert *in personam* jurisdiction. There were no class action allegations or allegations involving the doctrine of representation, and Zurich no longer asserted that it could proceed against Baxter alone without joinder of the underlying tort claimants. Under these circumstances, Zurich's previous pleadings were, in effect, abandoned and withdrawn (*Pfaff v. Chrysler Corp.*, 155 Ill. 2d 35, 61 (1992)), and Zurich waived any objection to the circuit court's rulings with respect to those pleadings (*Boatmen's National Bank v. Direct Lines, Inc.*, 167 Ill. 2d 88, 99 (1995)). Because the issues raised by Zurich's Rule 308 appeal pertained only to the earlier pleadings and were inapplicable to the final version of Zurich's complaint, the appellate court therefore erred in addressing them on the merits. Accordingly, the appellate court's discussion of necessary parties in mass-tort litigation cannot stand and is of no precedential value.

Although we must disavow that portion of the appellate court's opinion, we nevertheless agree with its ultimate conclusion that the circuit court erred in staying the circuit court proceedings pursuant to section 2—619(a)(3) of the Code. That provision allows a defendant to move for a dismissal or stay whenever there is "another action pending between the same parties for the same cause." 735 ILCS 5/2—619(a)(3) (West 1992). Although the purpose of the law is to avoid duplicative litigation, a circuit court is not automatically required to dismiss or stay a proceeding under section 2—619(a)(3) even when the "same cause" and "same parties" requirements are met. Multiple actions in different

jurisdictions arising out of the same operative facts may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed. Factors a court should consider in deciding whether a stay is warranted under section 2—619(a)(3) include comity; the prevention of multiplicity, vexation and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum. *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-48 (1986).

In this case, both Zurich and Baxter have headquarters in Illinois. Baxter's risk management department is located in Illinois, the disputed insurance policies were negotiated and signed in Illinois, and there is no question that interpretation of the policies will be governed by Illinois law. This is, in every way, an Illinois dispute, and the California trial court before which Baxter's action is pending has recognized it as such. If the Illinois courts are willing to provide a forum, the California trial court will gladly yield.

Although Baxter denies any improper motive, its original justification for filing in California, to "counter punch" Zurich, seems blatantly retaliatory. It subsequently attempted to legitimize its position by focusing on interests of the underlying tort claimants. As our previous discussion indicated, however, the question of whether those claimants should participate in the litigation was raised by the circuit court, *sua sponte*, not by Baxter. When Baxter initially responded to Zurich's Illinois action and filed its own complaint in California, the underlying claimants played no discernible role in its strategy. Baxter did not embrace the notion that they might be necessary parties until the circuit court's actions indicated that such a position might help the company rationalize its decision to file a parallel suit in California.

Even after Baxter began expressing concern for the tort claimants, its sincerity was questionable. While the company appeared to champion the importance of protecting the tort claimants' interests, its attorney asserted at oral argument before this court that his client's true reason for suing in California was to prevent the claimants from playing any role in the litigation. Rather than guarding the claimants, Baxter is intent on avoiding them.

Baxter's strategy is based on the notion that where an insurance company brings a declaratory judgment action against its insured to determine the company's obligations under a liability policy, claimants seeking recovery from the insured in the underlying tort actions are not necessary parties to the declaratory judgment action under California law. According to Baxter, the law in Illinois is different. Here, they are necessary parties who must be joined in order for the declaratory judgment action to proceed. See *M.F.A. Mutual Insurance Co. v. Cheek*, 66 Ill. 2d 492, 495 (1977); but see *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill. 2d 23 (1987) (a declaratory judgment defining an insurer's duty to defend and indemnify its insured in thousands of underlying actions was reviewed on the merits by this court even though none of the underlying tort claimants had been joined as parties).

The joinder question was one of the issues raised by Zurich's Rule 308 appeal. As we have held, Zurich waived the issue when it decided to amend its complaint to seek relief in the context of specific litigation involving particular litigants over whom the Illinois courts had *in personam* jurisdiction. Without suggesting how we would resolve the issue if it were properly before us, we note that even if we agreed with Baxter's interpretation of the law, the company's argument would be unavailing.

If Baxter's interpretation is correct, Illinois law evinces a recognition that the underlying claimants have a substantial interest in how insurance coverage questions are resolved. It also reflects a belief that this interest is best protected by having the claimants participate directly in the litigation between the insurance carrier and the insured, rather than by allowing the claimants to sue the carrier independently, as is apparently the practice in California. Accordingly, if Baxter's construction of the law is correct, the fact that the claimants will be excluded from the coverage litigation in California is not a reason to defer to the California courts. It is a reason to insist that the Illinois action be allowed to proceed in the courts of Illinois. Litigants such as Baxter should not be permitted to invoke section 2—619(a)(3) of the Code as a means for evading this state's public policy.

As noted earlier, Baxter ultimately succeeded in staying the Illinois litigation by persuading the circuit court that the California action would be more "comprehensive" than the action framed by the final amended version of Zurich's Illinois complaint. It is difficult to see, however, how the California action can be considered more "comprehensive" in any meaningful sense of the term. As a matter of due process, a judgment can only bind the actual parties to a case or those in privity with them. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7, 58 L. Ed. 2d 552, 559 n.7, 99 S. Ct. 645, 649 n.7 (1979). In its present form, the California action has only three parties: Zurich, Baxter, and another of Baxter's insurers. By contrast, the Illinois action includes not only those three parties, but also more than a hundred of Baxter's excess insurers and dozens of claimants from the underlying tort actions. In terms of the number of litigants affected, a judgment in the Illinois action will therefore have a far greater impact than any

judgment in the California proceeding. To this extent, Baxter's California action is actually less comprehensive than Zurich's action in Illinois, not more so.

When Baxter claims that the California action is more "comprehensive," it has no concern for any of the other litigants. It is interested only in the case's potential for resolving its dispute with Zurich. Because Zurich's Illinois action now seeks relief in the context of the claims asserted by the specific Illinois claimants who have been joined, Baxter suggests that its effect must necessarily be more restrictive than the California litigation, which refers to the AIDS litigation generally. According to Baxter, the California case will cover every issue presented by every underlying claim, while the Illinois case will necessarily be limited to the circumstances of the particular claimants who have been joined here. The flaw in this argument is that it presumes that the claims of the Illinois claimants are in some way distinguishable from the additional claims underlying the California case. There is nothing in the record before us to substantiate such a contention. As between Zurich and Baxter, the issues presented by the two cases are, for all practical purposes, identical. Under these circumstances, a judgment in the Illinois action would be no less conclusive, as between Zurich and Baxter, than a judgment in the California proceeding.

For the foregoing reasons, we believe that there was no valid reason for the circuit court to have stayed Zurich's action under section 2—619(a)(3) pending outcome of Baxter's action in California. Entry of that stay constituted an abuse of discretion, and the appellate court was correct when it reversed the circuit court's order and remanded the cause to the circuit court for further proceedings. The judgment of the appellate court, as modified by this opinion, is therefore affirmed.

*Affirmed as modified.*

CHIEF JUSTICE BILANDIC took no part in the consideration or decision of this case.

JUSTICE FREEMAN, specially concurring:

I fully agree with and join the majority's decision to affirm the appellate court's judgment. The appellate court correctly determined that the trial court abused its discretion by granting a stay of the underlying declaratory judgment action in favor of proceedings filed by defendant in California. I write only to highlight the salient factors that undergird our decision.

The record reveals that Baxter filed its declaratory judgment action in California against Zurich, its insurer, nine days after Zurich filed the instant suit in Illinois. The California action sought a declaration that Zurich and 105 of Baxter's excess insurers had duties to defend and indemnify Baxter under certain insurance policies against claims of numerous HIV-infected persons. These HIV-infected persons were not parties to the California action and, under California law, they were not considered necessary parties. By the time of this appeal, all, save one, of Baxter's 105 excess insurers were dismissed as parties from the case. The California action was also stayed, pending resolution of the instant Illinois action.

Zurich's third-amended complaint in this action named Baxter, Baxter's excess insurers, and those HIV claimants, 17 in number, over whom Illinois courts could assert personal jurisdiction. The third-amended complaint seeks a declaration that Zurich and Baxter's excess insurers owe no duties to defend and indemnify Baxter under the same policies against claims of these 17 persons.

The trial court, exercising its discretion, stayed the instant action pursuant to section 2—619(a)(3), finding the California action more "comprehensive." 735 ILCS

5/2—619(a)(3) (West 1992). The appellate court vacated the stay, which ruling the majority now affirms.

Section 2—619(a)(3) provides that a defendant may move for a dismissal or stay whenever there is "another action pending between the same parties for the same cause." 735 ILCS 5/2—619(a)(3) (West 1992). The provision is designed to avoid duplicative litigation and is to be applied to carry out that purpose. *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447 (1986). The "same cause and same parties requirements" are apparently threshold considerations to granting section 2—619(a)(3) relief. See *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 252-54 (1980); *Kellerman*, 112 Ill. 2d at 447; see also *Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.*, 122 Ill. App. 3d 504, 509 (1984) (failure to meet section 619(a)(3) "same parties" requirement fatal to request for such relief).

Nonetheless, even if the dual requirements are met, relief under section 2—619(a)(3) is not mandated. The court's decision to grant relief or allow multiple actions to proceed in different jurisdictions remains a matter of discretion. *Kellerman*, 112 Ill. 2d at 447. The factors a court should consider in making that decision include: comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum. *Kellerman*, 112 Ill. 2d at 447-48.

The present case presents a situation where at least one of the dual threshold requirements for section 2—619(a)(3) relief was not met. The Illinois and California actions do not involve the same parties. The California action is between only Baxter, Zurich and one of Zurich's excess insurers; the Illinois action names these parties and also includes 17 of the underlying claimants as well as an entire group of Baxter's excess insurers.

Further, this is not a case where the same parties requirement should be relaxed. See *Catalano v. Aetna Casualty & Surety Co.*, 105 Ill. App. 3d 195, 197 (1982) (requirement relaxed where parties in close privity); *Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.*, 122 Ill. App. 3d at 508 (requirement relaxed where parties in one action are nominal parties or their claims are not in issue); *People ex rel. Fahner v. Climatemp, Inc.*, 101 Ill. App. 3d 1077, 1084 (1981) (parties are same legal entity). This point is demonstrated by the fact that, under California law, the unnamed underlying claimants' third-party rights to a recovery under the policy could not be determined in the California action. Any declaratory judgment regarding Zurich's duty to indemnify Baxter for the underlying claims would not be *res judicata* as against those claimants. See *Shapiro v. Republic Indemnity Co. of America*, 52 Cal. 2d 437, 341 P.2d 289 (1959). In the Illinois action, by contrast, Zurich's obligation to fund Baxter's defense and payment of these particular claims would be adjudicated.

In addition to the failure of this requirement, discretionary factors which weigh against granting section 2—619(a)(3) relief are readily apparent here. The California court repeatedly expressed frustration with the fact that our circuit court would not assert its jurisdiction over the matter. The California court stated, *inter alia*:

> "This is an Illinois contract, entered in by Illinois parties, signed in the state of Illinois *** [f]or some reason Illinois courts either don't want to, won't, can't, choose not to or whatever. For the last year and half they have been deciding through the courts whether or not they are [going] to go take jurisdiction of this case or not, and it really belongs in Illinois.
>
> * * *
>
> [I am b]aby sitting this thing until Illinois finally decides they have an interest in the case."

The California action was also stayed, pending resolution of the case here in Illinois. Clearly, the California court, for the sake of comity, would have been willing to defer to the circuit's judgment here. That willingness and the absence of the same parties in each suit was indicative that a stay of the Illinois action was unnecessary to prevent a multiplicity of actions. Moreover, it cannot be said that the prior-in-time Illinois action was filed to vex or harass Baxter. In deciding whether to grant or deny the stay, the trial court should have considered whether this factor argued for a stay of the Illinois action due to the actions or animus of Zurich in bringing the suit. Baxter's motivation in bringing the California action is really not critical to the determination of whether this Illinois action was properly stayed. The majority need not belabor that point. Clearly, however, Baxter was attempting to speedily advantage itself by forum shopping when it filed in California nine days after Zurich filed here.

Another discretionary factor that should have been considered was the likelihood that the Illinois parties would have realized some manner of complete relief via the California action. Again, clearly, they could not. The California action would have adjudicated Baxter's rights under its policy with Zurich and under one excess layer policy with another insurer. Such judgment would afford no relief to Baxter's remaining excess insurers and the 17 claimants in the Illinois action. Furthermore, any judgment between Zurich and Baxter in California would clearly have no res judicata effect against the remaining excess insurers and 17 claimants named as parties here.

In conclusion, the trial court abused its discretion in granting a stay of the instant action because a threshold requirement for section 2—619(a)(3) relief was not met, the two actions did not involve the same parties,

and not one discretionary factor argued in any way for such relief.

JUSTICE McMORROW joins in this special concurrence.