NOTICE
Decision filed 06/09/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230052-U

NO. 5-23-0052

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* M.N., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Champaign County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21-JA-68 |
| | ) | |
| Misty N.-J., | ) | Honorable |
| | ) | Matthew D. Lee, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because DCFS was not a necessary party in this case, the trial court's orders finding that the parents were unfit and that it was in M.N.'s best interest to terminate the parents' rights were not void.

¶ 2    Misty N.-J. (Misty) appeals from the trial court's orders finding that she was an unfit parent and that it was in M.N.'s best interest to terminate her parental rights. She contends that the orders were jurisdictionally void because the State did not add the Department of Children and Family Services (DCFS) as a party to the case. Misty claims that DCFS needed to be added as a party because she was a minor in foster care under the guardianship of DCFS when this case involving M.N. was filed. For the following reasons, we affirm.

1

¶ 3                                          I. Background

¶ 4    Misty does not challenge the findings of the trial court that she was unfit and that it was in M.N.'s best interest to terminate her parental rights. Misty's sole argument is that the failure to join DCFS as a party rendered the trial court's orders void. Therefore, we recite only those facts relevant to that limited issue. M.N. is a male child born in 2021. Misty is his mother. Misty was born in 2004. M.N.'s putative father is Antwan E. who is not a party to this appeal. The State filed its petition for adjudication of the wardship of M.N. on September 20, 2021. As of that date, Misty was 17 years old and was a ward of the court in Champaign County case No. 2017-JA-6.[1] The petition alleged that M.N. was neglected while in Misty's care because of his injurious environment caused by exposure to the effects of her mental illness (count I) and to her substance abuse (count II). On September 21, 2021, Misty was served with the notice of hearing via substitute personal service upon Misty's foster parent.

¶ 5    On September 22, 2021, the trial court held a temporary custody hearing. Misty did not appear. At the conclusion of the hearing, the trial court found probable cause and an immediate and urgent necessity to remove M.N. from Misty's care. M.N. was placed in the temporary custody of DCFS.

¶ 6    On December 2, 2021, the trial court held its adjudicatory hearing. Misty had court appointed counsel, who was present and appeared at all subsequent hearings in this case. Misty stipulated to the allegations of count I of the petition, and the court found that M.N. was abused or neglected because he was in an environment that was injurious to his welfare.

---

[1]On April 25, 2017, the circuit court entered a dispositional order finding Misty to be dependent, making her a ward of the court, and placing her custody and guardianship with DCFS.

¶ 7    On January 7, 2022, the trial court held its dispositional hearing. Based upon the evidence, the court found that Misty was unfit and unable to care for M.N., adjudged him neglected and dependent, and placed M.N. in the custody and guardianship of DCFS.

¶ 8    The trial court held permanency review hearings on March 9, 2022, June 10, 2022, and September 9, 2022. At the conclusion of each of these three hearings, the court found that Misty had made neither reasonable efforts nor reasonable and substantial progress on her service plan objectives.

¶ 9    On September 9, 2022, the State filed a motion to terminate Misty's parental rights. The State alleged that she had failed to make reasonable efforts to correct the conditions that caused M.N.'s removal from her care, and that she had failed to make reasonable progress toward his return. The State alleged that the relevant nine-month time period when Misty failed to make reasonable progress toward M.N.'s return was December 8, 2021, to September 8, 2022.

¶ 10    On November 8, 2022, the trial court held the hearing on the State's parental termination motion. At the conclusion of the fitness hearing, the trial court found that the State had established the allegations of its petition and found that Misty was an unfit parent.

¶ 11    The trial court held the best interest hearing on January 19, 2023; the trial court found that it was in M.N.'s best interest to terminate Misty's parental rights.

¶ 12                                II. Analysis

¶ 13    Misty contends that the court's orders finding that she was an unfit parent and terminating her parental rights to M.N. were void because the proceedings were conducted in the absence of her guardian, DCFS, who had not been added as a party. Specifically, Misty contends that pursuant to section 1-5(1) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-5(1) (West 2020)), the State was required to add DCFS as a necessary party. We disagree.

¶ 14    " 'A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the controversy which would be materially affected by a judgment entered in its absence; (2) reach a decision protecting the interests of the parties already before the court; or (3) allow the court to completely resolve the controversy.' " *Certain Underwriters at Lloyd's London v. Burlington Insurance Co.*, 2015 IL App (1st) 141408, ¶ 15 (quoting *Zurich Insurance Co. v. Baxter International, Inc.*, 275 Ill. App. 3d 30, 37 (1995), *aff'd as modified*, 173 Ill. 2d 235 (1996)). If a court lacked jurisdiction over a necessary party, any order entered will be void. *Id.* A party may raise the issue of the failure to join a necessary party at any time. *Id.* (citing *Lah v. Chicago Title Land Trust Co.*, 379 Ill. App. 3d 933, 940 (2008)).

¶ 15    We turn to the statutory provisions of the Act to determine if DCFS was a necessary party in this case. Without question, DCFS was appointed to be Misty's guardian in her own case, 17-JA-6. The question is whether DCFS had to be appointed as a party in this case, 21-JA-68. Our analysis requires a review of multiple statutory sections of the Act.

¶ 16    The first rule of statutory construction requires courts to ascertain and give effect to the legislature's true intent. *Jordan v. O'Fallon Township High School District No. 203 Board of Education*, 302 Ill. App. 3d 1070, 1079 (1999) (citing *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81 (1994)). All other rules of statutory construction are subordinate to this one. To determine the legislature's intent, we consider the statutory language itself to be the best evidence, and we must afford that language its plain and ordinary meaning. *Id.* (citing *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990)). If the court can determine the legislature's intent from the plain language of the statute, then the court should not resort to other interpretative aids. *Id.* (citing *People v. Fitzpatrick*, 158 Ill. 2d 360, 364-65 (1994)). "When construing the provisions of the Act, the court should read the Act as a whole, construing

4

words and phrases in light of the other relevant portions of the statute and not as isolated provisions." *In re C.P.*, 2019 IL App (4th) 190420, ¶ 55 (citing *In re C.P.*, 2018 IL App (4th) 180310, ¶ 18). Since statutory construction raises a question of law, our review is *de novo*. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 439 (2010).

¶ 17    Section 2-22(1) of the Act provides that at a dispositional hearing the court must determine if the best interest of the minor and the public requires that he or she be made a ward of the court. 705 ILCS 405/2-22(1) (West 2020). When the trial court declares that a minor is a ward of the court, guardianship of the minor is then awarded to DCFS. *Id.* § 2-22(6).

¶ 18    In 17-JA-6, DCFS was appointed as Misty's guardian on April 25, 2017. That guardianship status was continued on February 22, 2023, by a permanency order in which the trial court found that the appropriate goal was substitute care pending Misty's independence. The next permanency hearing in 17-JA-6 is set for August 2, 2023.

¶ 19    The term "guardianship of the person" is defined in section 1-3(8) of the Act as follows: "the duty and authority to act in the best interests of the minor, subject to residual parental rights and responsibilities, to make important decisions in matters having a permanent effect on the life and development of the minor and to be concerned with his or her general welfare." *Id.* 1-3(8). The Act grants the guardian with the "authority *** to represent the minor in legal actions; and to make other decisions of substantial legal significance concerning the minor." *Id.* § 1-3(8)(a).

¶ 20    Section 1-5(1) of the Act provides:

"[T]he minor who is the subject of the proceeding and his or her parents, guardian, legal custodian or responsible relative who are parties respondent have the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and also, although proceedings under this Act are

5

not intended to be adversary in character, the right to be represented by counsel." *Id.* § 1-5(1).

¶ 21　We also review the language of section 2-15 of the Act, which provides guidance about who must be served in a case filed pursuant to the Act:

> "(1) When a petition is filed, the clerk of the court shall issue a summons with a copy of the petition attached. The summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition ***.
>
> * * *
>
> (5) Service of a summons and petition shall be made by: (a) leaving a copy thereof with the person summoned ***; (b) leaving a copy at his usual place of abode with some person of the family ***; or (c) leaving a copy thereof with the guardian or custodian of a minor ***." *Id.* § 2-15(1), (5).

¶ 22　Misty argues that DCFS was required to be a party in M.N.'s case as her legal guardian and representative because she herself is a minor and remains a ward of the court. While our legislature granted DCFS the *authority* to represent "the minor" in a case, there is nothing in the statutory language (*id.* § 1-3(8)(a)) that makes this type of representation mandatory. We find that the relevant question for this court is whether Misty is "the minor" referenced in these statutes in the context of a case involving her minor child. The Illinois Appellate Court has addressed this very issue, and determined that the term "the minor" is the individual who is the focus of the petition. Applied to the facts of this case, M.N. is the minor who is the focus of this petition. See *In re C.P.*, 2018 IL App (4th) 180310; *In re C.P.*, 2019 IL App (4th) 190420.

¶ 23　We find that the cases of *In re C.P.* (*In re C.P.*, 2018 IL App (4th) 180310; *In re C.P.*, 2019 IL App (4th) 190420) are dispositive. In *In re C.P.*, the minor parent argued that the trial court

6

lacked jurisdiction to enter a dispositional order because she was also a minor, and the State failed to serve her guardian in the case. *In re C.P.*, 2019 IL App (4th) 190420, ¶ 53. The appellate court noted that to resolve the issue necessitated statutory interpretation. *Id.* ¶ 55. In analyzing the issue, the court turned to section 2-15 of the Act, which sets forth who must be served in neglect cases and how they must be served. *Id.* ¶ 56. Within the context of this statutory section, the term "minor" refers to the minor who is the subject of the neglect proceeding—not to the "minor" parent. *Id.* ¶¶ 57, 60 (citing *In re C.P.*, 2018 IL App (4th) 180310, ¶ 25). The court concluded that although C.P.'s mother was also a minor, "the minor" referred to in section 2-15 of the Act meant the minor who was the subject of the proceeding—C.P. *Id*. The minor mother also argued that her mental health issues, coupled with her adjudication as a ward of the court, compelled the State to serve DCFS as a necessary party in its capacity as the minor mother's guardian. *Id.* ¶ 62. The appellate court found that this argument failed because section 1-5(1) of the Act does not state that a minor parent's guardian has "a right to be present at or participate in these proceedings." *Id.* (citing 705 ILCS 405/1-5(1) (West 2016) and *In re K.C.*, 323 Ill. App. 3d 839, 841-42 (2001)). The appellate court readily distinguished *In re K.C.* where the adult parent had been adjudicated as disabled and lacked the ability to care for herself and manage her own life. *In re K.C.*, 323 Ill. App. 3d at 841. In *In re K.C.*, the court appointed a plenary guardian for the disabled adult parent whose child was the subject of a juvenile petition. *Id.* at 841-42. In distinguishing the case, the court stated that although the minor mother had mental health problems, anger problems, and had been diagnosed with bipolar disorder, nothing in the record suggested that she was, or had been adjudicated as, disabled. *In re C.P.*, 2019 IL App (4th) 190420, ¶ 63.

¶ 24    We also find *In re C.C.*, 2011 IL 111795, to be persuasive. In that case, our supreme court analyzed the wording of section 1-5(1) of the Act and held that the plain language of the statute

7

establishes who can be a party respondent. *Id.* ¶ 33. These "party respondents" include the minor who is the subject of the petition and " 'his parents, guardian, legal custodian or responsible relative.' " (Emphasis omitted.) *Id.* (quoting 705 ILCS 405/1-5(1) (West 2010)). The supreme court explained that "[w]hen a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions, despite the lack of any negative words of limitation." *Id.* ¶ 34 (citing *People v. O'Connell*, 227 Ill. 2d 31, 37 (2007)). At issue in *In re C.C.* was whether a former guardian of C.C., the minor who was the subject of the petition, was a necessary party in the case. *Id.* ¶ 34. The court found that the omission of former guardians from the statutory list of necessary parties required to participate, or nonparties who are permitted to participate, should be understood as a specific exclusion. *Id.*

¶ 25 Based upon the analysis in *In re C.C.*, we find that the necessary parties in this case were M.N., Misty, and M.N.'s father. 705 ILCS 405/1-5(1) (West 2020). In this case, M.N. is the minor who is the "subject of the petition" and Misty is the "parent" and was correctly included in M.N.'s case as his parent. Using the rules of statutory construction, the omission of Misty's guardian from the statutory list must be construed as a specific exclusion. *In re C.C.*, 2011 IL 111795, ¶¶ 34-35. "[S]ection 1-5 of the Act necessarily applies without regard to the specific facts of each individual case." *Id.* ¶ 41.

¶ 26 Applying this law to the facts of this case, we find that section 1-5(1) of the Act clearly states that M.N., "the minor who is the subject of the proceeding," and Misty as M.N.'s parent are parties to the proceedings and "have the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and also *** the right to be represented by counsel." 705 ILCS 405/1-5(1) (West 2020). Misty's guardian in her own juvenile case is not an intended party to M.N.'s juvenile case. We

construe the provisions of the Act in their entirety, "construing words and phrases in light of the other relevant portions of the statute and not as isolated provisions." *In re C.P.*, 2019 IL App (4th) 190420, ¶ 55 (citing *In re C.P.*, 2018 IL App (4th) 180310, ¶ 18). Although Misty contends that DCFS has the authority to represent her in this case (705 ILCS 405/1-3(8)(a) (West 2020)), we find that DCFS's authority is directly connected to the minor who is the subject of the petition. The subject of the petition in the case before us was M.N.—not Misty. Therefore, DCFS was not a necessary party. Thus, the trial court's orders were not void.

¶ 27                                    III. Conclusion

¶ 28    For the foregoing reasons, we conclude that because DCFS was not a necessary party, the trial court's orders finding that Misty was an unfit parent, and that M.N.'s best interest would be served by terminating Misty's parental rights, were not void.


¶ 29    Affirmed.