No. 1-06-3339

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| UTICA NATIONAL INSURANCE GROUP, | ) ) | No. 04 CH 6466 |
| Defendant-Appellant | ) ) ) | |
| (State Farm Mutual Automobile Insurance Company, | ) ) | Honorable |
| . | ) | David R. Donnersberger, |
| Plaintiff). | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiff State Farm Fire and Casualty Company (State Farm) filed the case at bar seeking a declaratory judgment that it owed no coverage in connection with two personal injury lawsuits. The circuit court of Cook County already found that State Farm owed coverage for the underlying lawsuits, and this court affirmed that finding in an order dated May 7, 2007 (No. 1-06-0711, unpublished order under Supreme Court Rule 23).

Defendant Utica National Insurance Group (Utica) filed a counterclaim against State Farm seeking a declaratory judgment that its umbrella policy was in excess of State Farm's umbrella policy. State Farm filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2004)) claiming that Utica was required to contribute to the settlement of the underlying lawsuits. In an order dated October 27, 2006, the

trial court granted State Farm's summary judgment motion. For the reasons stated below, we affirm.

BACKGROUND

In July 2002, an Audi automobile collided with a minivan, killing both the driver and passenger of the Audi. Title to the Audi was in the name of Francis Liedtke; and State Farm Mutual Automobile Insurance Company carried the auto insurance. In addition to the auto insurance policy, there were two umbrella policies: State Farm Fire and Casualty Company had issued a personal umbrella insurance policy to Liedtke; and Utica had issued a commercial umbrella policy to Digital Imaging Solutions, Inc., a company owned and operated by Liedtke.

State Farm sought a declaratory judgment that it was not obligated to pay on the umbrella policy because Liedtke was not actually the owner of the vehicle at the time of the accident. After a trial on the issue of ownership, the trial court found that Liedtke was the owner and thus State Farm owed coverage for the underlying lawsuits under its umbrella policy. State Farm appealed that finding, and this court affirmed (No. 1-06-0711, unpublished order under Supreme Court Rule 23).

Utica and State Farm cooperated in the settlement of the underlying lawsuits. In the agreement, the insurance companies agreed to pay $6 million as follows: $1 million by State Farm Mutual on the automobile insurance policy; $3 million by State Farm on the personal umbrella policy; and $2 million by Utica on its commercial umbrella policy.

Paragraph 5 of the settlement agreement expressly reserved Utica's right to pursue its claim that its policy was in excess over the State Farm umbrella policy. Paragraph 6(a) provided

that in the event that a court determines that its policy was in excess over the State Farm policy then State Farm shall reimburse Utica in the amount of $2 million. Alternatively, Paragraph 6(b) provided that in the event that a court determines that the Utica policy was not excess to the State Farm policy, then Utica shall reimburse State Farm in the amount of $500,000.

After the settlement, this action continued for the purpose of determining the respective liability of State Farm and Utica under the settlement agreement. Each insurance company has in its respective umbrella policy an "other-insurance" clause that provides that the policy is in "excess" over all other insurance policies.

State Farm's other-insurance clause provides in full that:

> "Other Insurance. This policy is excess over all other valid and collectible insurance."

Utica's other-insurance clause provides in pertinent part:

> "5. Other Insurance – Coverage A.
>
> This insurance is excess over any other valid and collectible insurance whether primary, excess, contingent or any other basis, except such other insurance as is written specifically to be excess over this insurance."

State Farm moved for summary judgment claiming that Utica was required to contribute to the settlement, because their two other-insurance clauses were incompatible, and thus cancelled each other out. Utica filed a cross motion for summary judgment claiming that the two

clauses were not incompatible and that Utica's clause made its policy in excess to State Farm's policy.

In an order dated October 27, 2006, the trial court granted State Farm's summary judgment motion and denied Utica's motion, and this appeal followed. For the reasons stated below, we affirm.

ANALYSIS

The standard of review in the case at bar is <u>de novo</u>. "Since the construction of an insurance policy is a question of law, our review is <u>de novo</u>." <u>Ohio Casualty Insurance Company v. Oak Builders, Inc.</u>, No. 1-05-2279, slip op. at 5 (June 1, 2007). In addition, we review <u>de novo</u> an order granting summary judgment. <u>North River Insurance Co. v. Grinnell Mutual Reinsurance Co.</u>, 369 Ill. App. 3d 563, 568 (2006).

There are generally three types of other-insurance clauses: the <u>pro-rata</u> clause; the excess clause; and the escape clause. <u>Ohio Casualty</u>, slip op. at 6. The Illinois Supreme Court defined the three types of clauses as follows:

> "The typical <u>pro-rata</u> clause provides that when an insured has
> other insurance available, the company will be liable only for the
> proportion of the loss represented by the ratio between its policy
> limit and the total limits of all available insurance. The excess
> clause allows coverage only 'over and above' other insurance. The
> escape clause holds the policy null and void with respect to any
> hazard as to which other insurance exists." <u>Putnam v. New</u>

Amsterdam Casualty Co., 48 Ill. 2d 71, 76 (1970), quoted in Ohio

Casualty, slip op. at 6.

Both parties concede that the other-insurance clauses in their respective policies are both excess

clauses.

The Illinois Supreme Court has stated that "when two policies contain the same sort of

'other-insurance' clause, the clauses will be deemed incompatible." Padilla v. Norwegian-

American Hospital, Inc., 266 Ill. App. 3d 829, 836 (1994), quoted in Ohio Casualty, slip op. at 7.

When two clauses are "he same sort" and hence incompatible, they "cancel each other out"and

the insurance companies must "share the costs associated with defending and indemnifying the

suit." Ohio Casualty, slip op. at 8-9.

Although Utica concedes in its appellate brief that the two clauses are both excess clauses

and thus both the same type, it claims that the two clauses are still not of the "same sort" because

the two clauses do not contain identical language. Utica notes that its clause is more specific

than State Farm's clause. State Farm's clause states only that its policy is excess "over all other

valid and collectible insurance." By contrast, Utica's clause states that its policy is excess over

all other insurance "whether primary, excess, contingent or any other basis, except such other

insurance as is written specifically to be excess over this insurance."

In Ohio Casualty, we were recently presented with almost the exact same argument and

rejected it. Ohio Casualty, slip op. at 9-10. Like the clause in State Farm's policy, the clause in

the American Family policy in Ohio Casualty was short. It stated only that it was excess over

" '[a]ny other primary insurance.' " <u>Ohio Casualty</u>, slip op. at 7. By contrast the clause in the Ohio Casualty policy was longer, more specific and with language very similar to the clause in Utica's policy. The Ohio Casualty clause stated that the policy was excess over all other insurance " 'whether primary, excess, contingent or on any other basis unless a contract specifically requires that this insurance be primary.' " <u>Ohio Casualty</u>, slip op. at 8. Like Utica in our case, Ohio Casualty asserted that it should not have to share the indemnification costs because the two excess clauses were "not identical." <u>Ohio Casualty</u>, slip op. at 10.

In <u>Ohio Casualty</u>, we rejected the "not identical" argument. <u>Ohio Casualty</u>, slip op. at 10. Although <u>Ohio Casualty</u> was decided approximately a month after Utica submitted its brief in this appeal, the <u>Ohio Casualty</u> opinion was merely an application of long-standing precedent, such as <u>Putnam</u>, decided over 40 years ago, and <u>Padilla</u>, decided over 10 years ago. <u>Putnam</u>, 48 Ill. 2d at 76; <u>Padilla</u>, 266 Ill. App. 3d at 836. In <u>Ohio Casualty</u>, we stated:

> "[T]he <u>Putnam</u> court described the three different types of 'other insurance' clauses and concluded that where 'other insurance' clauses of the same type are in conflict, it is 'impossible to give effect to the intent of all parties.' [Citation.] Indeed, in <u>Padilla</u>, relying on our decision in <u>Putnam</u>, we confirmed that 'when two policies contain the same sort of 'other insurance' clause, the clauses will be deemed incompatible.' [Citation.]" (Emphasis omitted.) <u>Ohio Casualty</u>, slip op. at 10.

6

Based on our above analysis of <u>Putnam</u> and <u>Padilla</u>, we held in <u>Ohio Casualty</u> that since the policies at issue contained the "same type" of insurance clause, namely an excess clause, the clauses were incompatible and canceled each other out and thus the two insurance companies had to share in the loss on a pro-rated basis. <u>Ohio Casualty</u>, slip op. at 11. Like we did a few months later in <u>Ohio Casualty</u>, the trial court in the case at bar relied on <u>Putnam</u> and <u>Padilla</u> in its opinion to reach the same conclusion.

CONCLUSION

For the reasons stated above, we affirm the decision of the trial court that the two other-insurance clauses canceled each other out and thus Utica was required to contribute to the settlement.

Affirmed.

McBRIDE, P.J. and GARCIA, J., concur.