No. 2--05--0014

_________________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________________________

BARBARA J. BRADFORD and ) Appeal from the Circuit Court

ROBERT L. SHERMAN, ) of Lake County.

)

Plaintiffs-Appellants, )

)

v. ) No. 04--CH--1896

)

WYNSTONE PROPERTY OWNERS' )

ASSOCIATION, RICHARD H. SCOBEE, )

as President of the Wynstone Property )

Owners' Association Board of Directors, )

STEVE J. WILKINS, as Manager of the )

Wynstone Property Owners' Association )

Board of Directors, CRAIG PARKER, as )

Acting President of the Village of North )

Barrington Board of Trustees, SIDNEY R. )

BARLETT, DAVID PETERSON, and )

BRUCE J. SAUER, Each in Their Capacities )

as Trustees of the Village of North Barrington, ) Honorable

) David M. Hall,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

From December 17, 2004, to January 4, 2005, plaintiffs filed three motions for a temporary restraining order (TRO).  Each motion sought identical relief: an order prohibiting the culling of a herd of deer living in 
plaintiff
s' gated residential community.  The trial court denied the motions, but 
plaintiff
s appealed only from the denial of the third motion.  We affirm the denial of the TRO, concluding that 
plaintiff
s have improperly attempted to extend the period for filing an interlocutory appeal under Supreme Court Rule 307(d) (188 
Ill. 2d
 R. 307(d)) by filing successive motions that seek the same relief.

FACTS

On December 17, 2004, 
plaintiff
s filed a complaint for declaratory judgment and injunctive relief and a motion for a temporary restraining order and a preliminary injunction.  Plaintiffs are married and live together in North Barrington, in the gated residential community managed by the Wynstone Property Owners' Association (the Association).  Plaintiffs alleged that the community is home to a small population of white-tailed deer, which are deemed a protected species under the Wildlife Code (see 520 ILCS 5/2.2 (West 2002)).  Plaintiffs enjoy the presence of the deer as well as the "peaceful, non-violent" nature of the community.

On August 25, 2003, the Board of Trustees (Village Board) of the Village of North Barrington (the Village) heard and rejected a request by the Association to cull deer living in the community.  On September 22, 2003, the Village Board amended the Village's code to specifically prohibit hunting anywhere in the Village, including within the Wynstone community.

The Association raised the issue again during a Village Board meeting on November 22, 2004.  The agenda of the meeting identified the topic as "Deer (Wynstone)" and indicated that action by the Village Board was required.  The Association told the Village Board that approximately 40 deer resided in the community, the deer were not free to roam because the community is gated, and the deer had caused thousands of dollars of property damage and posed a threat to motorists.  The Association also stated that a survey conducted in the fall of 2002 indicated that most residents supported a "deer abatement" program, which called for the killing of approximately half of the deer population in the community.  Furthermore, the Illinois Department of Natural Resources had authorized the Association to supervise volunteers from a local law enforcement agency who would hunt by bow and arrow.  The Village Board granted the Association a variance and permitted the partial culling of the herd.

In the original complaint and motion for a TRO, 
plaintiff
s alleged that 
defendant
s deliberately misled the Village Board to obtain the variance.  Plaintiffs alleged that (1) the Association intentionally over-reported the size of the herd, to obtain permission to remove nearly all of the deer; (2) the deer are not trapped, because several holes in the fence surrounding the community permit them to leave easily; (3) the Association presented no evidence of property damage caused by the deer; (4) the Association admitted in a December 7, 2004, letter to residents that the deer had not caused any car accidents; (5) a survey conducted in the spring of 2003 indicated that only 52 of 439 residents complained about the deer and that only 73 residents responded to the survey at all; (6) the Association rejected 
plaintiff
s' offer to donate $100,000 to fund a deer sterilization program; (7) the Association did not investigate less drastic measures or inform residents that "abatement" meant killing the deer; (8) the volunteer hunters posed a risk of injury to residents and their property; (9) the residents did not obtain adequate notice of the hearing at which the Village Board granted the variance; and (10) the Association revealed only that the hunt was to be completed by January 13, 2005, and has refused to disclose any other details about the hunt.  In the original motion for a TRO, 
plaintiff
s sought to prevent the " 'taking' of any deer from Wynstone, as defined by the legislature, and/or from executing any deer on or adjacent to any privately held residential property within Wynstone."

The trial court denied the original motion on December 17, 2004, the same date it was filed, but plaintiffs did not appeal from the denial of the motion.  Instead, on December 22, 2004, plaintiffs filed an amended complaint and a "Motion for Temporary Restraining Order and Memorandum of Law Based Upon First Amended Complaint."  The first and second motions for a TRO presented slightly different arguments but sought identical relief.  The trial court determined that 
plaintiff
s had not provided sufficient notice of the second motion and that there was no emergency that would excuse the failure to provide such notice.

The trial court continued the matter to January 4, 2005, at which time 
plaintiff
s filed a third motion, entitled "Emergency Motion for Temporary Restraining Order and Memorandum of Law Based Upon Revised First Amended Complaint."  The third motion asked the trial court to "restrain [defendants] from executing a certain deer hunt."  The trial court denied the third motion, and, on the same date, 
plaintiff
s filed a petition and notice of appeal from the denial of the third motion.

ANALYSIS

On appeal, 
plaintiff
s contend that the trial court abused its discretion in denying their motion for a TRO.  Among other arguments, defendants respond that the appeal is untimely under Rule 307(d).  A TRO is an emergency remedy issued to maintain the status quo until the case is disposed of on the merits.  
Wilson v. Hinsdale Elementary School District 181
, 349 Ill. App. 3d 243, 248 (2004).  A trial court's order granting or denying a TRO is reviewed for an abuse of discretion.  
Wilson
, 349 Ill. App. 3d at 248.  "A party seeking a TRO must establish, by a preponderance of the evidence, that (1) he or she possesses a certain and clearly ascertainable right needing protection, (2) he or she has no adequate remedy at law, (3) he or she would suffer irreparable harm without the TRO, and (4) he or she has a likelihood of success on the merits."  
Wilson
, 349 Ill. App. 3d at 248.

Rule 307(d) provides that "review of the granting or denial of a temporary restraining order or an order modifying, dissolving, or refusing to dissolve or modify a temporary restraining order as authorized in paragraph (a) [of Rule 307] shall be by petition filed in the Appellate Court, but notice of interlocutory appeal as provided in paragraph (a) shall also be filed, within the same time for filing the petition.  The petition shall be in writing, state the relief requested and the grounds for the relief requested, and shall be filed in the Appellate Court, with proof of personal service or facsimile service as provided in Rule 11, within 
two days
 of the entry or denial of the order from which review is being sought."  (Emphasis added.)  188 
Ill. 2d
 R. 307(d).  A party's motion to reconsider the denial of a TRO does not toll the period for filing an interlocutory appeal.  
Cf.
 
Ben Kozloff, Inc. v. Leahy
, 149 Ill. App. 3d 504, 507-08 (1986) (a posttrial motion that attacks an order denying a request to dissolve a preliminary injunction does not toll the period for filing an interlocutory appeal).

The failure to timely appeal from a trial court's order disposing of a motion to grant, deny, modify, dissolve, or refuse to dissolve a TRO renders that order the law of the case from which a later appeal cannot be taken.  
Battaglia v. Battaglia
, 231 Ill. App. 3d 607, 615 (1992); see also 
Hwang v. Tyler
, 253 Ill. App. 3d 43, 46 (1993) (generally, the failure to timely appeal from an interlocutory order that is appealable renders that order the law of the case).  "Further[more], an order or decree from which an appeal might have been taken may not be reviewed on appeal from a subsequent order entered in the same cause."  
Battaglia
, 231 
Ill. App. 3d
 at 615.

The goal of avoiding protracted litigation is achieved by the use of a TRO, which is inherently brief due to expiration by its own terms, cessation by law, or supersedence by an order entered in the proceeding for a preliminary injunction.  
Harper v. Missouri Pacific R.R. Co.
, 264 Ill. App. 3d 238, 243 (1994).  All matters pertaining to a TRO should comport with the intent and the purpose of Rule 307(d), which are to provide a process for a quick review of the granting or denial of a TRO.  
Harper
, 264 
Ill. App. 3d
 at 244.

In this case, 
plaintiff
s filed a "Motion for a Temporary Restraining Order and Memorandum Of Law In Support Of Plaintiffs' Motion," on December 17, 2004, and the trial court denied the motion on that date.  The denial of the motion was final and appealable under Rule 307(d), but 
plaintiff
s chose not to appeal.  Therefore, the denial of the motion became the law of the case.  See 
Battaglia
, 231 
Ill. App. 3d
 at 615.  Plaintiffs apparently attempted to extend the period for appealing by filing successive motions seeking identical relief: a TRO prohibiting the culling of the deer herd.  This tactic not only undermines 
plaintiff
s' claim that the deer abatement program presented an emergency, but it also contravenes the purpose of a TRO.  See 
Harper
, 264 
Ill. App. 3d
 at 243-44.  Therefore, 
plaintiff
s may not challenge the December 17, 2004, denial of their original motion for a TRO.

For the preceding reasons, we affirm the order of the circuit court of Lake County.

Affirmed.

BOWMAN and CALLUM, JJ., concur.