# Illinois Official Reports

## Appellate Court

---

**_Pekin Insurance Co. v. Rada Development, LLC_, 2014 IL App (1st) 133947**

---

| | |
|---|---|
| Appellate Court Caption | PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. RADA DEVELOPMENT, LLC, and BARNABUS R. SUTTON, Defendants, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Subscribing to Certificate No. CRCC000537, Third-Party Petitioner-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-13-3947 |
| Filed | July 28, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a declaratory judgment action seeking a determination that defendant developer was not an additional insured under a policy plaintiff issued to a subcontractor on defendant's project for purposes of an underlying personal injury action arising from a construction accident at the project where the trial court initially entered a default judgment for plaintiff insurer finding that it had no duty to defend the developer, and plaintiff insurer then successfully used that judgment as a collateral estoppel bar to the separate declaratory judgment action filed by the developer's insurer seeking a determination that plaintiff was obligated to defend the developer as an additional insured, the trial court properly vacated the default judgment pursuant to the petition filed by the developer's insurer under section 2-1401 of the Code of Civil Procedure and a motion to intervene in plaintiff's declaratory judgment action based on the allegation that as the developer's insurer, it was a necessary party to plaintiff's action but was never joined, especially when the default judgment affected the rights of the developer's insurer by requiring the insurer to defend the developer in the underlying action. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-31076; the Hon. Kathleen Pantle, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Robert Marc Chemers and Philip G. Brandt, both of Pretzel & Stouffer, Chtrd., of Chicago, for appellant. |
| | Neal R. Novak and Colleen M. Costello, both of Novak Law Offices, of Chicago, for appellee. |
| Panel | JUSTICE HOFFMAN delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Cunningham concurred in the judgment and opinion. |

**OPINION**

¶ 1     The plaintiff, Pekin Insurance Company (Pekin), filed a declaratory judgment (Pekin action) against the defendants, Rada Development, LLC (Rada), and Barnabus R. Sutton (Sutton), seeking a judicial declaration that Rada was not an additional insured under the Pekin policy issued for Chicago Masonry Construction, Inc. (Chicago Masonry), a codefendant with Rada in a personal injury action instituted by Sutton. The trial court found that Pekin had no duty to defend Rada in the Sutton lawsuit. Later, Certain Underwriters at Lloyd's, London, Subscribing to Certificate No. CRCC000537 (Lloyd's), filed a petition to vacate the trial court's judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)), arguing that the order was void because it was a necessary party to the Pekin action. The trial court granted Lloyd's petition and vacated the judgment, finding the judgment was void because Lloyd's was a necessary party to the Pekin action. The trial court further allowed Lloyd's leave to intervene in the Pekin action. Pekin now appeals, arguing that the trial court erred in granting Lloyd's section 2-1401 petition and allowing Lloyd's to intervene. For the reasons that follow, we affirm.

¶ 2     Rada owns and is the developer of a commercial property located at 1322 North Clybourn Avenue in Chicago. On October 25, 2006, Rada contracted with Heartland Construction Group to act as the general contractor of the development project at the Clybourn Avenue property (hereinafter referred to as the Project). On August 7, 2006, Heartland entered into a subcontract agreement with Chicago Masonry, and as part of that agreement, Chicago Masonry was required to list Heartland as an additional insured on its liability insurance policy. Later, Rada took over as the general contractor of the Project, pursuant to a "reassignment agreement" between Rada and Heartland. Per the terms of the reassignment agreement, Heartland agreed to assign all of its interests in any subcontract agreement for the Project, which allegedly included its subcontract agreement with Chicago Masonry.

¶ 3    Chicago Masonry was insured under a policy issued by Pekin, which contained an additional insured endorsement which included the following language:

> "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability incurred solely as a result of some act or omission of the named insured and not for its own independent negligence or statutory violation. That person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed or at the end of the policy period stated in the declarations of this policy, whichever is earlier. It is further understood that the designation of an entity as an additional insured does not increase or alter the scope of coverage of this policy."

¶ 4    The Pekin policy also contained language excluding coverage of additional insureds for personal injury losses arising out of the "rendering of, or the failure to render, any professional architectural, engineering or surveying services, including *** [s]upervisory, inspection, architectural or engineering activities."

¶ 5    On January 12, 2010, Sutton sued, *inter alia*, Chicago Masonry and Rada for injuries which he sustained in a construction accident at the Project site on November 15, 2006. Sutton v. Rada Development, LLC, No. 10-L-440 (Cir. Ct. Cook Co.) (hereinafter, *Sutton*). Chicago Masonry tendered its defense to Pekin. Rada tendered its defense to Lloyd's, which had issued a commercial general liability insurance policy identified as Certificate No. CRCC000537 to Rada for the period of October 3, 2006, through October 3, 2007. Lloyd's agreed to defend Rada in the *Sutton* suit subject to a reservation of rights.

¶ 6    Between May 30, 2012, and July 23, 2013, Lloyd's attempted to tender Rada's defense in the *Sutton* suit to Chicago Masonry and Pekin on the basis that Rada was an additional insured under the Pekin policy.

¶ 7    On August 14, 2012, Pekin filed a three-count complaint for declaratory judgment against Rada, seeking a declaration that it had no duty to defend Rada in the *Sutton* action. In count I, Pekin alleged that a certificate of insurance, which provided that Chicago Masonry with "Blanket AI" insurance and listed "Rada Architects (GC and Architect)" as an additional insured, issued to Rada did not afford it any coverage or trigger a duty to defend. In count II, Pekin alleged that it had no duty to defend Rada under the policy issued for Chicago Masonry because there was no written contract between Rada and Chicago Masonry requiring Chicago Masonry to add Rada as an additional insured under its liability policy. In count III, Pekin alleged that it had no duty to defend Rada because the *Sutton* action contained allegations of Rada's own negligence, independent of the allegations alleged against Chicago Masonry.

¶ 8    In a letter dated August 24, 2012, Pekin acknowledged receipt of Lloyd's tender and set forth its reasons for rejecting the tender of Rada's defense. Pekin further stated that it "intends to file a Complaint for Declaratory Judgment to have a court declare that Rada is not entitled to coverage" under the Chicago Masonry policy. In a response letter dated August 27, 2012, Lloyd's disagreed with Pekin's position based on the reassignment agreement between Rada and Heartland, and it requested that "Pekin immediately voluntarily dismiss the Pekin" action and "accept the defense of Rada in the *Sutton* Action." Further, if Pekin refused to do so, Lloyd's stated that it would consider all available options with respect to Rada's defense.

¶ 9     In a letter dated September 11, 2012, Pekin stated that, even if Rada was an additional insured under Chicago Masonry's policy, there were other policy defenses precluding a duty to defend Rada. Pekin further suggested that "Rada Development, LLC put forth its position in the declaratory judgment action rather than in letters." However, neither Rada nor Lloyd's appeared in the Pekin action.

¶ 10    On September 24, 2012, Pekin filed a motion for a default judgment against Rada.

¶ 11    In a letter to Pekin, dated October 2, 2012, Lloyd's stated that it would not respond to Pekin's action because it was not named in the suit, and instead, it had instituted its own declaratory judgment action in order to protect its interests. Regarding Pekin's motion for a default judgment, Lloyd's stated that any judgment entered on the basis there was no agreement between Chicago Masonry and Rada regarding insurance coverage would be unenforceable. Lloyd's letter included a copy of its complaint for declaratory judgment, filed on October 2, 2012. Certain Underwriters at Lloyd's London v. Pekin Insurance Co., No. 12-CH-39364 (Cir. Ct. Cook Co.) (hereinafter, Lloyd's action).

¶ 12    On October 15, 2012, the trial court entered an order setting a November 7, 2012, hearing date to prove up Pekin's default judgment against Rada. In the meantime, Pekin filed an appearance in the Lloyd's action, and shortly thereafter, moved to dismiss it under section 2-615 of the Code for the failure to name Sutton as a necessary party.

¶ 13    On November 7, 2012, the trial court entered a default judgment against Rada in Pekin's action, stating that Rada was not an insured party under Chicago Masonry's insurance policy issued by Pekin.

¶ 14    On November 27, 2012, Lloyd's amended its complaint to add Sutton as a named defendant. On December 12, 2012, Pekin moved to dismiss the Lloyd's action under section 2-619(a)(9) of the Code, asserting that the doctrine of collateral estoppel barred the attempt by Lloyd's to relitigate the issue of Pekin's duty to defend Rada.

¶ 15    On March 22, 2013, the trial court granted Pekin's motion and dismissed the Lloyd's action on the basis of collateral estoppel. Lloyd's did not appeal from that order.

¶ 16    On June 11, 2013, Lloyd's filed a section 2-1401 petition, seeking to vacate the default judgment entered in the Pekin action, and a motion to intervene pursuant to section 2-408(a)(2) of the Code (735 ILCS 5/2-408(a)(2) (West 2012)). Lloyd's contended that it was a necessary party to the Pekin action, but it was never joined. Attached to the petition was the affidavit by Rada Doytcheva, a principal member of Rada, in which she stated that Rada did not appear in the Pekin action because of financial constraints. Doytcheva further stated that Rada "did not limit the tender of its defense of the *Sutton* action to [Lloyd's]" and that Rada was aware of the Lloyd's action seeking defense coverage under the Pekin policy. Pekin moved to dismiss the petition under section 2-615 of the Code, arguing that there was no Illinois law requiring it to join Lloyd's in the Pekin action. Pekin further argued that Lloyd's did not have a meritorious defense and did not exercise due diligence in bringing forth its petition.

¶ 17    On December 3, 2013, the trial court issued its written decision in which it determined that Lloyd's was a necessary party to the Pekin action and that the default judgment entered in its absence was, therefore, "void." The trial court stated that Pekin filed its declaratory judgment action against Rada, but never named Lloyd's as a defendant despite having knowledge of its coverage position. The court found that Pekin then obtained a default judgment and used that judgment to collaterally estop Lloyd's from pursuing its declaratory judgment action. The

court concluded that Lloyd's was a necessary and indispensable party in the Pekin action, rendering the default judgment void. Accordingly, the court granted Lloyd's petition to vacate the judgment and allowed Lloyd's leave to intervene in the action. The court acknowledged that it was unclear as to why Lloyd's chose to file its own action instead of intervening in the Pekin action or why neither party moved to consolidate the two identical actions, but the court found that the parties' conduct did not alleviate the effect of the void judgment. The court also noted that, while an application to intervene must be made in a timely manner, "[g]iven the peculiar procedural maneuvers by both parties, [Lloyd's] application for intervention [was] timely." Finally, because the default judgment order was void, the trial court denied Pekin's motion to dismiss which attacked Lloyd's petition for failing to establish its diligence and a meritorious defense.

¶ 18    Pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010), Pekin appealed the trial court's order granting Lloyd's section 2-1401 petition and allowing Lloyd's leave to intervene in the Pekin action.

¶ 19    Section 2-1401 of the Code authorizes a party to seek relief from a final judgment, such as a default judgment. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 101 (2002). Generally, section 2-1401 petitions must be filed within two years of the order or judgment, the petitioner must allege a meritorious defense to the original action, and the petitioner must show that the petition was brought with due diligence. *Id.* at 103. However, a void order may be attacked at any time, either directly or collaterally, such as through a section 2-1401 petition. *Id.* "[T]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Id.* at 104. A void order is one entered by a court that lacks jurisdiction of the parties or of the subject matter, or that lacks the inherent power to make or enter the order at issue. *Id.* at 103. "It is generally accepted that, under fundamental principles of due process, a court is without jurisdiction to enter an order or judgment which affects a right or interest of someone not before the court." *Feen v. Ray*, 109 Ill. 2d 339, 344 (1985). We review *de novo* a judgment entered on a section 2-1401 petition that is requesting relief based on the allegation that the judgment is void. *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 12.

¶ 20    "A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the controversy which would be materially affected by a judgment entered in its absence; (2) reach a decision protecting the interests of the parties already before the court; or (3) allow the court to completely resolve the controversy." *Zurich Insurance Co. v. Baxter International, Inc.*, 275 Ill. App. 3d 30, 37 (1995), *aff'd as modified*, 173 Ill. 2d 235 (1996). The necessary parties rule finds its origin in the common law and is affected by several provisions of the Code. *Id.* at 36. For instance, a party who declines to join a lawsuit may be made a defendant (735 ILCS 5/2-404 (West 2012)); a party deemed necessary to a complete determination of any question raised in controversy may be joined (735 ILCS 5/2-405(a) (West 2012)); and, the trial court may, *sua sponte*, order parties be joined "[i]f a complete determination of a controversy cannot be had without the presence of [such] parties" (735 ILCS 5/2-406(a) (West 2012)). *Zurich Insurance Co.*, 275 Ill. App. 3d at 36. As stated, an order will be void if entered by a court lacking jurisdiction over a necessary party. *Id.* at 37; *Feen*, 109 Ill. 2d at 344.

¶ 21    In this case, the trial court determined that it lacked jurisdiction to enter the default judgment order in Lloyd's absence where the judgment affected its rights. We agree. The

default judgment entered in the Pekin action required that Lloyd's continue defending Rada in the *Sutton* suit, despite its attempt to tender Rada's defense to Pekin on the basis of the reassignment agreement and the additional insurance provision in the general contractor and subcontractor agreement; thus, the judgment materially affected the interests of Lloyd's. See *Zurich Insurance Co. v. Raymark Industries, Inc*., 144 Ill. App. 3d 943, 946-47 (1986) (in holding excess insurers were necessary parties to declaratory judgment action because their interests were "necessarily implicated under any theory of allocation of indemnity and defense liability," court stated that "[i]n order to effectuate complete relief and dispose of an entire controversy in a declaratory judgment action, all persons legally interested in the subject matter of the litigation who may be affected by the judgment should be made parties"). Furthermore, contrary to Pekin's argument that Lloyd's should not have been joined in its action, Pekin successfully used its default judgment to collaterally estop Lloyd's from litigating the issue in its own action, despite Lloyd's absence from the Pekin action. As the trial court noted, we do not understand why Pekin did not name Lloyd's in its suit or seek to have Lloyd's joined in the suit to avoid the rendering of a void judgment. We also do not know why Lloyd's chose to file its own action rather than move to join in the Pekin action. Regardless, the parties' odd procedural choices, as the trial court concluded, do not change the nature or effect of a void order. Thus, we affirm the trial court judgment which granted Lloyd's section 2-1401 petition and vacated the default judgment entered on November 7, 2012.

¶ 22    We further reject Pekin's argument that the trial court abused its discretion granting the motion for leave to intervene in favor of Lloyd's. A court may grant intervention either permissively or as a matter of right. *Ramsey Emergency Services, Inc. v. Illinois Commerce Comm'n*, 367 Ill. App. 3d 351, 364-65 (2006). Under section 2-408(a) of the Code (735 ILCS 5/2-408(a) (West 2012)), "[u]pon timely application anyone shall be permitted as of right to intervene in an action" when a statute provides for the unconditional right or when the applicant's interest may not be adequately represented by the existing parties and the applicant will be bound by an order or judgment in the action. Further, upon timely application, the court, in its discretion, may permit anyone to intervene in an action when a statute confers a conditional right to intervene or "when an applicant's claim or defense and the main action have a question of law or fact in common." 735 ILCS 5/2-408(b) (West 2012).

¶ 23    "Intervention is usually allowed only before judgment issues, and parties may not normally seek intervention after the rights of the existing parties have been determined and a final decree entered." *Ramsey*, 367 Ill. App. 3d at 365. However, intervention may be allowed after judgment is entered where it is necessary to protect the intervenor's rights, particularly where the interest of the intervenor existed at the time the judgment was entered. *People ex rel. Scott v. Illinois Protestant Children's Home, Inc*., 95 Ill. App. 3d 552, 558 (1981). The decision to allow or deny intervention is within the discretion of the court and will not be overturned on review absent an abuse of that discretion. *Ramsey*, 367 Ill. App. 3d at 365.

¶ 24    Here, we cannot say that, under the particular procedural facts of this case, the trial court abused its discretion when it granted Lloyd's motion to intervene in the Pekin suit. As we determined, the trial court correctly vacated the default judgment on the basis of Lloyd's absence in the litigation. Later, Lloyd's action was dismissed on collateral estoppel grounds because of the default judgment. Under these facts, we cannot say that the court abused its discretion in allowing Lloyd's to intervene in the reopened Pekin action.

¶ 25         Accordingly, for the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

¶ 26         Affirmed.