# Illinois Official Reports

## Appellate Court

*Certain Underwriters at Lloyd's London v. The Burlington Insurance Co.*,
2015 IL App (1st) 141408

| | |
|---|---|
| Appellate Court Caption | CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Subscribing to Certificate No. CVCC00537, Plaintiff-Appellee, v. THE BURLINGTON INSURANCE COMPANY and BARNABUS SUTTON, Defendants-Appellants. |
| District & No. | First District, Third Division<br>Docket Nos. 1-14-1408, 1-14-3091 cons. |
| Filed | July 15, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-18775; the Hon. Rodolfo Garcia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael C. Borders and Rosa M. Tumialàn, both of Dykema Gossett PLLC, of Chicago, for appellants.<br><br>Neal R. Novak and Colleen M. Costello, both of Novak Law Offices, of Chicago, for appellee. |
| Panel | JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Lavin and Mason concurred in the judgment and opinion. |

¶ 1    Plaintiff, Certain Underwriters at Lloyd's London, Subscribing to Certificate No. CVCC000537 (Underwriters), issued an insurance policy to Rada Development LLC for a commercial development project. Barnabus Sutton, an employee of C&B Steel, Inc., a project subcontractor, sued Rada for injuries he sustained in an accident at the construction site. Underwriters filed a declaratory judgment action against C&B Steel's insurer, The Burlington Insurance Company (TBIC), sought a judicial declaration that, under the TBIC policy, Rada qualified as an additional insured. The circuit court held that TBIC had the sole duty to defend Rada as an additional insured and ordered TBIC to reimburse Underwriters for all reasonable costs in defending Rada. TBIC appealed, asserting that the circuit court erred in finding that TBIC has the sole duty to defend Rada, and asked that the order be reversed and a new order entered finding TBIC to be a co-primary insurer obligated to share in the defense with Underwriters.

¶ 2    In a separate case involving the same tort claim, Pekin Insurance Company, which issued a policy to Chicago Masonry Construction, Inc., another subcontractor, sought a declaration that Rada was not an additional insured under its policy. (Pekin named Rada but not Underwriters as a defendant in that declaratory judgment action.) After the trial court found Pekin had no duty to defend Rada in the Sutton lawsuit, Underwriters filed a petition to vacate the trial court's judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)), asserting Underwriters was a necessary party. The circuit court granted Underwriters' petition and vacated the judgment. The appellate court affirmed. *Pekin Insurance Co. v. Rada Development, LLC*, 2014 IL App (1st) 133947. Thereafter, in this case, TBIC filed a motion to vacate under section 2-1401, contending that Rada failed to name Pekin, a necessary party. The circuit trial court denied the petition. The trial court found Pekin did not acquire the status of a necessary party and TBIC had a duty to reimburse Underwriters' for its defense costs. Consolidated before us are TBIC's appeals of the order rejecting Pekin as a necessary party and the order granting Underwriters its reasonable defense costs.

¶ 3    We affirm. Pekin does not have the status of a necessary party to this coverage dispute. The court only had to determine which insurer, as between Underwriters and TBIC, owed a primary duty to defend Rada. Further, the trial court did not err in finding that TBIC's "other insurance" clause rendered it primary to the Underwriters policy and responsible for Underwriters' defense costs.

¶ 4                                   BACKGROUND

¶ 5    Rada owns and is the developer of a commercial property located in Chicago (the project). Rada contracted with Heartland Construction Group to act as general contractor. On August 1, 2006, Heartland entered into a subcontract agreement with C&B Steel, and as part of that agreement, C&B Steel was required to list Heartland as an additional insured on its liability insurance policy. Later, Rada took over as the general contractor of the project, under a "reassignment agreement" between Rada and Heartland. Heartland agreed to assign all of its interests in any subcontract agreement for the project, including its subcontract agreement with C&B Steel.

¶ 6        On November 15, 2006, Barnabus Sutton, an employee of C&B Steel, sustained injuries in a construction related accident. Sutton sued Rada and others to recover for his injuries. (While these consolidated appeals were pending, the underlying action settled for $240,000 and was dismissed.) Underwriters tendered Rada's defense to TBIC, based on Rada's status as an additional insured under the TBIC policy. TBIC denied the tender, contending that the policy excluded Sutton's suit from coverage under the Employer's Liability Exclusion provision and that Rada did not qualify as an additional insured under the policy.

¶ 7        On August 19, 2013, Underwriters filed a complaint seeking a declaration that: (i) Rada qualified as an additional insured, (ii) TBIC should reimburse Underwriters for all defense costs, (iii) the employer's liability exclusion did not apply to Rada, and (iv) TBIC was otherwise estopped from asserting any coverage defenses. TBIC denied the material allegations of Underwriters' complaint and filed a counterclaim based on the employer liability exclusion.

¶ 8        After argument, the circuit court entered an order on March 17, 2014, granting Underwriters' motion, in part, denying TBIC's cross-motion, in part, and declining to reach the estoppel issue. The court found that "TBIC has the sole duty to defend Rada *** as an additional insured and that TBIC must reimburse Underwriters all reasonable defense costs incurred defending Rada in the [underlying] action from July 23, 2013 to the present." The court also held that: (i) Rada qualified as an additional insured under the TBIC policy, and the assignment of the contract requiring Rada to be named as an additional insured was fully executed before the date of loss; (ii) the employer's liability exclusion in the TBIC policy did not apply to bar coverage for Rada; (iii) the amended definition of employee did not expand the scope of the employer liability exclusion in the TBIC policy; and (iv) TBIC's "other insurance" clause rendered it primary to the Underwriters' policy. TBIC filed a motion to reconsider only the circuit court's ruling that the "other insurance" clause rendered it primary to the Underwriters policy, which the trial court denied.

¶ 9        On May 6, 2014, the circuit court entered a money judgment in favor of Underwriters and against TBIC for 100% of the reasonable defense fees and costs Underwriters incurred in defending Rada, which amounted to $107,277.88, plus prejudgment interest in the amount of $4,325.55, for a total judgment of $111,603.43. TBIC filed a notice of appeal asserting that the trial court erred in finding that it had the sole duty to defend Rada.

¶ 10        On July 23, 2014, while TBIC's appeal of the money judgment was pending, the appellate court issued an opinion in *Pekin Insurance Co. v. Rada Development, LLC*, 2014 IL App (1st) 133947, holding that Underwriters should have been named as a necessary party to the declaratory action filed by Pekin pertaining to the same accident and underlying lawsuit. After learning of the *Rada Development* case, TBIC filed a section 2-1401 petition to vacate the trial court's March 17 and May 5 orders. TBIC contended that the orders were void for lack of joinder of a necessary party, namely Pekin, to the declaratory action. (TBIC also filed a motion to vacate and for sanctions under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) in the appellate court, which was denied.)

¶ 11        On September 17, 2014, the circuit court heard arguments on TBIC's section 2-1401 petition to vacate. The court denied the petition, finding Pekin did not occupy the status of a necessary party to the dispute and its order directing TBIC to reimburse Underwriters' defense costs was not void. The court noted that TBIC's challenge was limited to the other insurance clause ruling only and that TBIC did not contest that it had a duty to defend Rada.

On October 6, 2014, TBIC filed a notice of appeal from the September 17 order. TBIC also filed a motion to consolidate the appeals, which we granted.

¶ 12                                                    ANALYSIS

¶ 13                                                 Necessary Party

¶ 14    TBIC argues the trial court erred in denying its section 2-1401 motion to vacate because the judgment was void where a necessary party–Pekin Insurance–was not joined. TBIC asserts that because Pekin may be liable to pay some of Underwriters' defense costs, it was a necessary party, and thus, the order should be vacated and the case remanded with instructions that this case be consolidated with the Pekin case. TBIC asserts that by making it responsible for 100% of Underwriters' defense costs, the trial court elevated its "other insurance" clause over the "other insurance" clauses in the policies issued by other involved insurers, including Pekin.

¶ 15    "A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the controversy which would be materially affected by a judgment entered in its absence; (2) reach a decision protecting the interests of the parties already before the court; or (3) allow the court to completely resolve the controversy." *Zurich Insurance Co. v. Baxter International, Inc.*, 275 Ill. App. 3d 30, 37 (1995), *aff'd as modified*, 173 Ill. 2d 235 (1996). An order entered without jurisdiction over a necessary party will be void. *Id*. The failure to join a necessary party may be raised at any time: by the parties or by the trial court or by the appellate court *sua sponte*. *Lah v. Chicago Title Land Trust Co.*, 379 Ill. App. 3d 933, 940 (2008).

¶ 16    TBIC maintains that where a dispute involves the obligation that two insurers may owe to the same mutual insured, both insurers are necessary parties to any case adjudicating the duty to defend and allocating defense costs. TBIC states that by not joining Pekin, TBIC's interests are not protected and the court may not completely resolve the controversy due to an inability to allocate some of the defense costs to Pekin. Thus, TBIC asserts, the circuit court order allocating to TBIC 100% of Underwriters' defense costs is void.

¶ 17    For support, TBIC relies on *Rada Development*, 2014 IL App (1st) 133947, and contends that the appellate court held that all insurers who are claimed to have a duty to defend Rada in the underlying case qualify as necessary parties to a declaratory complaint that seeks to adjudicate those rights. In *Rada Development*, Underwriters defended Rada in the underlying action under a reservation of rights. *Id*. ¶ 5. Underwriters tendered Rada's defense in the underlying case to Pekin and Pekin's named insured, Chicago Masonry Construction, Inc. Pekin denied the tender and filed a declaratory judgment action naming Rada but not Underwriters as a defendant, seeking a declaration that it had no duty to defend Rada in the Sutton case. *Id*. ¶ 7. Pekin obtained a default judgment against Rada. *Id*. ¶ 13. Underwriters filed a section 2-1401 petition to vacate the default judgment and a motion to intervene under section 2-408(a)(2) of the Code (735 ILCS 5/2-408(a)(2) (West 2012)), contending it was a necessary party to the Pekin action but never joined. *Rada Development*, 2014 IL App (1st) 133947, ¶ 16. The circuit court granted the section 2-1401 petition to vacate. The trial court reasoned that Underwriters possessed necessary party status in Pekin's declaratory judgment action because it had an interest in the subject matter that was materially affected by the default judgment order. *Id*. ¶ 17.

¶ 18     The appellate court affirmed, finding that Underwriters was a necessary party in the Pekin declaratory judgment action because the default judgment required Underwriters to continue defending Rada in the Sutton suit, "despite its attempt to tender Rada's defense to Pekin ***; thus, the judgment materially affected the interest of [Underwriters]." *Id.* ¶ 21. Pekin's petition for leave to appeal to the Illinois Supreme Court was denied. *Pekin Insurance Co. v. Rada Development LLC*, No. 118203 (Ill. Nov. 26, 2014). (On remand, TBIC filed a petition to intervene in the Pekin declaratory judgment action, which was granted, and TBIC filed a counterclaim in that case seeking a declaration that Pekin had a duty to defend Rada in the Sutton case and a cause of action based on equitable contribution.)

¶ 19     To repeat, based on the holding in *Rada Development*, TBIC contends that all insurers who are claimed to have a duty to defend Rada in the underlying case are necessary parties to a declaratory judgment action that seeks to adjudicate those rights. TBIC further contends Pekin is a necessary party because Pekin may be found to have a duty to defend Rada and, thus, may be liable for some of Underwriters' defense costs. Thus, to fully adjudicate TBIC's rights and obligations as to Rada, Pekin must be named a party. We disagree. Unlike in *Rada Development*, the circuit court's ruling did not materially affect Pekin's interests. The circuit court's order held that Rada was an additional insured under the TBIC policy, that TBIC owes a duty to defend Rada in the Sutton case, and that because Underwriters' policy is excess to the TBIC policy, Underwriters does not have a duty to defend Rada. Thus, the circuit court only addressed the duties and obligations as between TBIC and Underwriters and did not address Pekin's rights or obligations. If indeed Pekin is found to have a duty to defend Rada, a matter which is still to be decided, TBIC, which intervened in the Pekin case, may seek from Underwriters its share of defense costs.

¶ 20     TBIC also contends that if we affirm the order denying its petition to vacate, our opinion will be advisory because the issue of Pekin's duty to defend has yet to be ruled on by the trial court. See *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456, 469 (2003). For support, TBIC relies on *Pielet v. Pielet*, 2012 IL 112604. In *Pielet*, the Illinois Supreme Court remanded a breach of contract lawsuit because of a genuine issue of material fact as to whether certain parties' contractual obligations were assumed by another party through novation. The court stated that two counts of the plaintiff's complaint, alleging breach of contract, would come into play if and only if there proved to have been no novation. Because that remained an open question, the court found that any decision would be speculative and premature. *Id.* ¶ 57.

¶ 21     TBIC asserts that as in *Pielet*, whether the circuit court correctly allocated 100% of the defense fee burden to TBIC cannot be determined until the trial court resolves Pekin's duty to defend. But unlike in *Pielet*, there are no open questions concerning the relationship between Underwriters and TBIC. TBIC acknowledges it has a duty to defend Rada, and the only issue raised in this declaratory action involves whether the Underwriters policy was excess to or equal to the TBIC policy. Pekin does not assume the status of a necessary party for the court to make this determination. Thus, this opinion does not qualify as advisory.

¶ 22                              "Other Insurance" Clauses

¶ 23     Alternatively, TBIC argues that even if the section 2-1401 petition was properly denied, we should reverse on the basis that TBIC and Underwriters are co-primary insurers. The other insurance clauses in both TBIC's policy and in Underwriters' policy are identical and

thus, according to TBIC, both parties provide co-primary coverage and are equally liable for defending Rada in the underlying action. We disagree.

¶ 24    The TBIC and Underwriters' policies contain the following other insurance clause provisions:

"4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. Primary Insurance. This insurance is primary except when b. below applies.
***

b. Excess Insurance. This insurance is excess over:

* * *

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement."

¶ 25    Both policies state that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations ***." In the Underwriters' policy, Rada is the named insured. Rada is an additional insured in the TBIC policy. Thus, the Underwriters' excess insurance provision applies, and Underwriters policy is excess over "[a]ny other primary insurance available to [Rada]." Conversely, under the TBIC policy, C&B Steel is the named insured. Because C&B Steel has not been added as an additional insured to the Underwriters' policy, TBIC's excess other insurance provision does not apply. Thus, under the language of the other insurance provision of the policies, TBIC's policy is primary and Underwriters' policy is excess.

¶ 26    Moreover, we reject TBIC's argument that both policies, which contain the same "other insurance" clause, are "mutually repugnant" and cancel each other out. TBIC relies on *Ohio Casualty Insurance Co. v. Oak Builders, Inc.*, 373 Ill. App. 3d 997 (2007). The *Oak Builders* court held irreconcilable identical "other insurance" clauses contained in two policies. The policies converted otherwise primary coverage into excess coverage whenever primary coverage was available. The court concluded that this situation required the insurers to share the cost of defending and indemnifying the underlying tort suit. *Oak Builders*, 373 Ill. App. 3d at 1004. One reason the "other insurance" clauses were determined to be irreconcilable was the facts led to a different result depending on which policy one read first. *Id*. at 1003. While the provisions should be reconciled whenever possible to effectuate the intent of the parties, the majority rule provides that the court cannot arbitrarily pick one policy to be read first and undermine the intention of the insurer whose policy is read second. *Id*. at 1001 (deeming identical "other insurance" clauses to be incompatible is fair when no rational basis for applying clause of one policy and refusing to apply clause of other policy (citing *Putnam v. New Amsterdam Casualty Co.*, 48 Ill. 2d 71, 78-79 (1970))). Here, the two "other insurance" provisions are reconcilable. Regardless of which policy one reads first, the contracting parties' words and apparent intent do not change; the two policies constitute compatible primary and excess policies, with TBIC's policy being primary and Underwriters' policy being excess. Thus, the circuit court properly ruled that Underwriters' policy provided excess coverage over the TBIC policy.

¶ 27        We affirm the circuit court orders entering judgment in Underwriters' favor and denying TBIC's petition to vacate.

¶ 28        Affirmed.