# Illinois Official Reports

## Appellate Court

---

**_Lurkins v. Bond County Community Unit No. 2_, 2021 IL App (5th) 210292**

---

| | |
|---|---|
| Appellate Court Caption | JUSTIN T. LURKINS, as the Parent and Guardian of Student M.L.; MICHELLE LURKINS, as the Parent and Guardian of M.M.; and JEFFREY AND JENNIFER REHKEMPER, as the Parents and Guardians of A.R., D.R., and G.R., as Well as on Behalf of All Parents and Guardians of Students Similarly Situated, Plaintiffs-Appellees, v. BOND COUNTY COMMUNITY UNIT NO. 2, a Body Politic and Corporate, and WES OLSEN, as Superintendent of Bond County Community Unit No. 2, Defendants-Appellants. |
| District & No. | Fifth District<br>No. 5-21-0292 |
| Filed | October 1, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Bond County, No. 21-MR-39; the Hon. Ronald J. Foster Jr., Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Barney R. Mundorf, Heather R. Igoe, and Dana B. Edwards, of Guin Mundorf, LLC, of Collinsville, for appellants.<br><br>Thomas G. DeVore, of Silver Lake Group, Ltd., of Greenville, for appellees. |

Panel                      JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Welch and Barberis concurred in the judgment and opinion.

## OPINION

¶ 1        Defendants, Bond County Community Unit School District No. 2, incorrectly named as Bond County Community Unit No. 2, and Wes Olsen as superintendent of the school district (school district), appeal the September 21, 2021, temporary restraining order issued "with notice" (TRO) by the Bond County circuit court. The TRO enjoins the school district from requiring the plaintiffs' children "to wear a mask for the purposes of allegedly preventing the spread of an infectious disease unless the parent or legal guardian of a student consents or there is a lawful order of quarantine having been issued against a particular student from the local health department." For the following reasons, we vacate the TRO and remand for further proceedings.

¶ 2                                 I. BACKGROUND

¶ 3        On September 16, 2021, plaintiffs, Justin T. Lurkins, as the parent and guardian of student M.L.; Michelle Lurkins, as the parent and guardian of M.M.; and Jeffrey and Jennifer Rehkemper, as the parents and guardians of A.R., D.R., and G.R., as well as on behalf of all parents and guardians of students similarly situated, filed a verified petition for declaratory relief and writ of injunction against the school district, based on the school district's mandate requiring all students in the district to wear a mask while indoors at the school. Thereafter, the plaintiffs filed a petition for a TRO, requesting that the school district be restrained from enforcing the mask mandate.

¶ 4        On September 20, 2021, the school district filed a memorandum in opposition to the plaintiffs' motion for TRO and supporting documentation. Based on the documentation, the circuit court was informed of the following: (1) on July 21, 2021, the school district adopted a return to school plan that highly recommended, but did not require, students to wear masks on school property; (2) on August 4, 2021, in response to the "more aggressive and *** transmissible" Delta variant of COVID-19, the Illinois Governor issued Executive Order 2021-18 (Exec. Order No. 2021-18, 45 Ill. Reg. 10726 (Aug. 4, 2021), https://www.illinois.gov/government/executive-orders/executive-order.executive-order-number-18.2021.html [https://perma.cc/NJB7-82VJ]), requiring all schools in Illinois to follow the joint guidance by the Illinois State Board of Education (ISBE) and the Illinois Department of Public Health (IDPH), including that guidance requiring the indoor use of face coverings by students, staff, and visitors who are over the age of two and medically tolerate a face covering, regardless of vaccination status, consistent with Centers for Disease Control guidance; (3) on August 9, 2021, ISBE and IDPH issued the "Revised Public Health Guidance for Schools" (Ill. State Bd. of Educ. & Ill. Dep't of Pub. Health, Revised Public Health Guidance for Schools: Part 5—Supporting the Full Return to In-Person Learning for All Students (August 2021), https://iecam.illinois.edu/wp-content/uploads/2021/08/Updated-Public-Health-School-Guidance.pdf) [https://perma.cc/KL6B-NPTK]), requiring all teachers, staff, students, and visitors to prekindergarten through twelfth-grade schools to wear a mask while indoors, regardless of vaccination status; and (4) in response to these mandates the school district amended its return

to school plan to mandate face coverings in accordance with the Governor's executive order and the ISBE and IDPH's joint guidance; (5) on August 26, 2021, the Governor issued an executive order requiring face coverings in all public indoor spaces for all individuals over the age of two who are medically able to tolerate a face mask; and (6) the Governor has extended these executive orders such that they remain in place.

¶ 5 On September 21, 2021, the circuit court entered an order granting the plaintiffs' petition for a TRO, enjoining the school district from requiring the children of the named plaintiffs to wear a mask on school property "unless the parent or legal guardian of a student consents or there is a lawful order of quarantine having been issued against a particular student from the local health department." On September 23, 2021, the school district filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017).

¶ 6                                          II. ANALYSIS

¶ 7 We review the circuit court's order granting a TRO for an abuse of discretion. *Bradford v. Wynstone Property Owners' Ass'n*, 355 Ill. App. 3d 736, 739 (2005). To be an abuse of discretion, a decision must be clearly illogical, arbitrary, unreasonable, contrary to law, or not the product of conscientious judgment. *People v. Breeden*, 2016 IL App (4th) 121049-B, ¶ 46. " 'A party seeking a TRO must establish, by a preponderance of the evidence, that (1) he or she possesses a certain and clearly ascertainable right needing protection, (2) he or she has no adequate remedy at law, (3) he or she would suffer irreparable harm without the TRO, and (4) he or she has a likelihood of success on the merits.' " *Bradford*, 355 Ill. App. 3d at 739 (quoting *Wilson v. Hinsdale Elementary School District 181*, 349 Ill. App. 3d 243, 248 (2004)). Although a likelihood of success on the merits does not require a showing that is sufficient to warrant relief after a final hearing, the plaintiffs must establish that they will probably be entitled to the relief requested if the proof should sustain their allegations. *Donald McElroy, Inc. v. Delaney*, 72 Ill. App. 3d 285, 290-91 (1979).

¶ 8 The school district argues, *inter alia*, that we must vacate the TRO because the plaintiffs failed to name the Governor, ISBE, and IDPH as party defendants to this action. We agree. Our colleagues in the First District set forth the legal requirements in Illinois for the naming of necessary parties as follows:

> " 'A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the controversy which would be materially affected by a judgment entered in its absence; (2) reach a decision protecting the interests of the parties already before the court; or (3) allow the court to completely resolve the controversy.' [Citation.] An order entered without jurisdiction over a necessary party will be void. [Citation.] The failure to join a necessary party may be raised at any time: by the parties or by the trial court or by the appellate court *sua sponte*. [Citation.]" *Certain Underwriters at Lloyd's London v. Burlington Insurance Co.*, 2015 IL App (1st) 141408, ¶ 15 (quoting *Zurich Insurance Co. v. Baxter International, Inc.*, 275 Ill. App. 3d 30, 37 (1995), *aff'd as modified*, 173 Ill. 2d 235 (1996)).

¶ 9 In the case on appeal, the plaintiffs requested that the circuit court enjoin the school district from enforcing the mask mandate that has been imposed on the school district by Executive Order 2021-18 (Exec. Order No. 2021-18, 45 Ill. Reg. 10726 (Aug. 4, 2021) https://www. illinois.gov/government/executive-orders/executive-order.executive-order-number-18.2021. html [https://perma.cc/NJB7-82VJ]), the joint guidance promulgated by ISBE and IDPH in

- 3 -

response thereto, Executive Order 2021-19 (Exec. Order No. 2021-19, 45 Ill. Reg. 10886 (Aug. 20, 2021), https://www.illinois.gov/government/executive-orders/executive-order.executive-order-number-19.2021.html [https://perma.cc/RD3F-PJ9A]), Executive Order 2021-20 (Exec. Order No. 2021-20, 45 Ill. Reg. 11429 (Aug. 26, 2021), https://www.illinois.gov/government/executive-orders/executive-order.executive-order-number-20.2021.html [https://perma.cc/E6W3-9E5M]), and other executive orders of relevance that have followed (Executive Orders and Guidance). Thus, the Governor, ISBE, and IDPH have an interest in this matter that would be materially affected by a judgment entered in their absence, and their participation is required to protect that interest. In addition, the participation of these parties is required for the court to reach a decision protecting the school district's interest in following the mandates of the Governor, IDPH, and ISBE to avoid any repercussions from those parties. Finally, to completely resolve the controversy between the plaintiffs and the school district, the participation of the Governor, IDPH, and ISBE is required because they are an additional source of enforcement of the mask mandate that the plaintiffs seek to enjoin. For these reasons, we find that the Governor, IDPH, and ISBE are necessary parties to this action. Accordingly, because the TRO at issue was entered without jurisdiction over these necessary parties, it is void and must be vacated. See *Certain Underwriters at Lloyd's London*, 2015 IL App (1st) 141408, ¶ 15. Alternatively, the circuit court abused its discretion in entering the TRO because, without adding these necessary parties, the plaintiffs cannot show a likelihood of success on the merits because any final judgment entered without their participation would be void. See *id.* (in order for a TRO to issue, the plaintiff must show a likelihood of success on the merits).

¶ 10                                    III. CONCLUSION

¶ 11        For the foregoing reasons, we vacate the September 21, 2021, TRO and remand for further proceedings not inconsistent with this opinion. As we are vacating the TRO for failure to add necessary parties, we make no opinion on the merits underlying this action.

¶ 12        Vacated and remanded.